## VERMILYA v. BUNCE.

1. **Guardian and Ward:** DISCHARGE OF GUARDIAN'S BONDSMEN. The sureties upon a guardian's bond should not be discharged upon their own application before the guardian has made his final account, and the ward thereby been enabled to bring suit on the bond for any balance due him on said account. But if, after majority, and after such final accounting, the ward neglects for an unreasonable time to bring such suit, he may, upon application of the sureties, be ordered to bring the same within a time to be named, in default of which the sureties may be discharged.

*Appeal from Cerro Gordo Circuit Court.*

WEDNESDAY, OCTOBER 3.

IN 1871, George L. Bunce was appointed guardian of the defendant, who was then a minor. The defendant arrived at the age of twenty-one years in 1880. The plaintiff signed the bond of said guardian as surety, and in this proceeding he seeks to be discharged from further liability on said bond. An answer was filed, a hearing was had, and plaintiff's application was refused, and he appeals.

*Willber & Sherwin,* for appellant.

*Blythe & Markley* and *T. Brown,* for appellee.

ROTHROCK, J.—It appears from the evidence that the guardian's bond from which plaintiff seeks to be released was general in its terms, and was not given to secure the defendant for the proceeds of real estate to be sold by his guardian. It further appears from the inventory and reports of the guardian that no personal assets came into his hands belonging to his ward, but that the estate consisted of certain lots in Mason City, and that application was made to the court soon after the appointment of the guardian, and under an order of the court the lots were sold, and the money arising from the sale came into the hands of the guardian. The last report is dated May 18, 1882, after the defendant became of age, and it appeared therefrom that the money collected by the guardian had not been paid over to the defendant. This last report was made pending these proceedings, and but a few days before the hearing. The defendant by his answer, which was filed before the last report, prayed that a citation issue to said guardian to compel him to make final account so that defendant might bring suit upon the bond. Whether such suit has been brought does not appear.

We do not think a surety in a guardian's bond should be

absolutely discharged on his application. The most that he is entitled to is a conditional discharge. If, after the majority of the ward, and after a final settlement with the guardian, he unreasonably delays to enforce what rights he may have as against sureties on the bond, he may, upon the application of the sureties, be ordered to commence and prosecute proceedings within a time to be named, and for a failure to do so the sureties may be declared to be discharged. But to insist upon a trial of the liability of the surety in a proceeding of this character is quite another thing. To determine that question, the guardians's accounts should first be settled, and all the parties interested should be before the court. A failure to pay over money by a guardian will not constitute a breach of his bond until the guardianship accounts are settled, or he has failed to obey a mandate of the court requiring him to account. *O'Brien v. Strang*, 42 Iowa, 643. The ward, the defendant in this case, therefore, could not have asserted any claim against the sureties in the guardian's bond until the final account was rendered by the guardian. In his answer, he prayed that a citation issue requiring a final account, that he might bring suit on the bond. This was all that he could do. The order refusing to discharge the surety absolutely, will be

AFFIRMED.