E. M. BISBEE, JOHN AUSTIN, WALTER H. CLARK, AND N. H. VANDERBILT, PLAINTIFFS IN ERROR, v. ISAAC HENRY GLEASON, DEFENDANT IN ERROR.

1.  Guardian and Ward: ACTION ON GUARDIAN'S BOND. A right of action on a guardian's bond to recover the amount remaining in the hands of the guardian first accrues to the ward when such amount is ascertained by the county court on the settlement of the guardian's final account. *Ball v. LaClair*, 17 Neb., 39.

2.  ———: ACCOUNTS OF GUARDIAN: DUTIES OF COUNTY COURT. Where a guardian is cited by the county court to appear and settle his accounts upon the termination of his trust, and he refuses to appear in answer to such citation, it is the duty of the county court to ascertain and declare the condition of the accounts in his absence and charge him with the money and property in his hands, after allowing all just credits; and for the purpose of such settlement the jurisdiction of the county court is exclusive.

ERROR to the district court for Dixon county. Tried below before CRAWFORD, J.

*W. E. Gantt*, for plaintiffs in error.

*Barnes Bros.*, for defendant in error.

REESE, J.

This action was commenced in the district court by defendant in error, in which he sought to recover a judgment for $1,900, and interest, against E. M. Bisbee, as principal, and the other defendants in the action, as sureties, upon a guardian's bond, executed by them in favor of defendant in error, as the ward of said Bisbee. Plaintiffs in error demurred to the petition upon the ground that it did not state facts sufficient to state a cause of action. The demurrer was overruled. Plaintiffs in error refused to answer, and judgment was rendered against them for $2,615.05, the amount found due upon the bond. The error assigned is that the district court erred in overruling the demurrer.

For the purpose of presenting the question involved we copy the petition at. length. It is as follows. For cause of action it is alleged:

"1st. That on or about the fifth day of July, 1880, the said E. M. Bisbee, one of the defendants, was duly appointed by the county court of Dixon county, Nebraska, guardian of the estate of this plaintiff, to-wit: Isaac Henry Gleason, who was at that time a minor, of the age of. sixteen years, residing in said county and state.

"That on said date, said E. M. Bisbee, together with John Austin, Walter H. Clark, and W. H. Vanderbilt, executed and delivered to the county judge of said county of Dixon, in the state of Nebraska, the following obligation in writing:

"STATE OF NEBRASKA, } ss.
   Dixon County,

"Know all men by these presents:

"That we, E. M. Bisbee and John Austin, Walter H.

Clark, and W. H. Vanderbilt, as sureties, all of said county and state, are held and firmly bound unto the state of Nebraska, and its assigns, in the sum of three thousand ($3,-000) dollars, to be paid to the said state of Nebraska, or its assigns; to which payment well and truly to be made we hereby bind ourselves, our and each of our heirs, executors, and administrators, jointly, severally, and firmly by· these presents.

"Dated at Ponca, in the said county and state, this 14th day of July, 1880.

" WHEREAS, The above bounden E. M. Bisbee has been appointed by the probate court of said county, guardian 'of the estate of Isaac Henry Gleason, a minor, of the age of sixteen years, and a resident of Dixon county, Nebraska, till he arrives at the age of majority:

'Now, the condition of the above obligation is such that if the said E. M. Bisbee, as such guardian as aforesaid, shall make and return to the probate court aforesaid, within three months, a true and perfect inventory of all the real and personal estate of the said Isaac Henry Gleason that shall come to his possession or knowledge, and shall dispose of and manage all such estate and effects of the said minor that may come into his hands according to law, and for the best interest of the said minor, and faithfully discharge his trust as such guardian, and shall make an account, on oath, of the property in his hands, including the proceeds of all real estate which may be sold by him, and of the management and disposition of such property within one year after his appointment as such guardian, and at such other times as the court shall direct, and shall, at the expiration of his trust, settle all of his accounts with the court, or with the said Isaac Henry Gleason aforesaid, or his legal representatives, and pay over and deliver all the estate and effects remaining in his hands, or due from him on such settlement to the person or persons who shall be lawfully entitled thereto, then the above obligations to be

null and void, otherwise to be and remain in full force and effect.

E. M. BISBEE.

"Signed and delivered in the          JOHN AUSTIN.

presence of R. H. Knapp.          WALTER H. CLARK.

W. H. VANDERBILT.

"2d. That said instrument was duly approved by the county judge of said county, and said E. M. Bisbee thereupon entered upon the duties of said guardianship, and collected a large amount of money belonging to said estate, and to said minor, to-wit, the sum of $1,900.04; that all of said money came into the hands of said E. M. Bisbee, guardian as aforesaid, on or before the 28th day of April, 1881, and that all thereof still remains in the hands of said E. M. Bisbee, guardian as aforesaid.

"3d. That on or about the first day of January, A.D. 1886, said plaintiff demanded a settlement of the said matters of his said estate, of the said E. M. Bisbee, and the said E. M. Bisbee has failed, and refused, and neglected to settle his said business as such guardian of said estate. That on the 16th day of March, A.D. 1886, the county court of said county of Dixon duly issued its citation to said E. M. Bisbee to appear before said court forthwith to report his doings as such guardian, and to settle said business and pay over the said money to plaintiff, as required by law and the terms of said bond; which citation was duly served upon the said defendant Bisbee, and yet the said defendant has failed, neglected, and refused so to do. That said E. M. Bisbee has converted said money to his own use, and refuses, fails, and neglects to settle and account for said money and pay the same to the plaintiff.

"That said E. M. Bisbee, guardian as aforesaid, has not paid any debts, or incurred or paid any expenses whatever, for or on account of said estate of said plaintiff.

"4th. The plaintiff further states that he is of lawful age and entitled to the full use and control of his said estate.

"5th.    That there is due the plaintiff from said defendants, on said bond, the sum of $1,900.04, with interest on the same, at the rate of ten per cent per annum, from the 28th day of April, A.D. 1881.

"The plaintiff therefore prays judgment against said defendants for the sum of $1,900.04, and interest thereon from the 28th day of April, 1881, and costs of suit."

It will be seen that the petition contains no averment that any settlement with the guardian had ever been made by the county court, nor that any sum had ever been found due plaintiff by that tribunal.

Substantially the same question presented here was before this court in *Ball v. LaClair,* 17 Neb., 39, and it was there held that a right of action upon a guardian's bond first accrues to the ward when the amount remaining in the hands of the guardian is ascertained by the county court on the final settlement of the guardian's account.

This, we think, correctly states the law.    Section 9, of chapter 34, of the Compiled Statutes of 1885, provides that "Every such guardian shall give a bond, with surety or sureties, to the judge of probate, in such sum as the court shall order, with condition as follows:    *    *    *    *

"Fourth.    At the expiration of his trust, to settle his accounts with the court, or with the ward, or his legal representatives, and to pay over and deliver all the estate and effects remaining in his hands, or due from him on such settlement, to the person or persons lawfully entitled thereto."

We need not here copy the provisions of the constitution and statutes of the state, which confer exclusive jurisdiction upon the county courts in all matters relating to the settlement of the accounts of guardians, as they are fully set out in the opinion of the court, in *Ball v. LaClair,* written by the then chief justice, Cobb; and in so far as that decision is applicable to the case at bar we shall be content with it as fully stating the law and meeting all the requirements of the case.    But it is claimed that since it is

alleged in the petition in this case, that plaintiff in error, Bisbee, was cited to a settlement by the county judge, and refused to obey the citation, this case is brought directly within the language of the opinion in *Ball v. La Clair*, wherein the writer thereof says that the liability of a guardian "to a suit in a court of law for the balance due her wards on her guardianship account, and certainly the liability of her sureties would arise only upon her refusal or failure to obey some order of the county court in that behalf." We do not so understand the meaning of the language referred to. To the mind of the writer the meaning clearly is, that the county court had jurisdiction to cite the guardian to a settlement, and when such settlement was made to order such guardian "to pay into court, or to pay over to her late wards such sum as should be found due them upon such settlement." Or, in other words, if either order was made and not complied with, the action could be maintained, and not otherwise.

Neither do we think that the fourth clause above quoted from section nine, of chapter thirty-four, can be so construed as to confer the right to sue without such settlement having first been made. Substantially the same language occurs in the statutes of California, and in *Allen v. Tiffany*, 53 Cal., 16, it was held that no action could be maintained until after the settlement was made. In the opinion it is said: "Within a reasonable time after the ward arrives at full age the statute provides that the guardian may settle his accounts with the ward; but, considering the previous relations of the parties, it is not to be supposed that it was the intention that such settlement should of itself constitute a discharge, or that it should not be subject to the approval or disapproval of the probate judge prior to the discharge by him. The probate judge has the exclusive jurisdiction to determine the state of accounts between the guardian and ward. The ward may agree upon a settlement with his guardian, subject to the approval of the pro-

bate judge, or may apply for a citation compelling the guardian to settle his accounts before the probate judge. But to hold that prior to such accounting before the probate judge, or to his order at proving the settlement *in pais*, the ward may bring suit in the district court for a supposed balance, would destroy the symmetry and efficiency of the system furnished by our law for the appointment and conduct of guardians of infants."

To the same effect see also *Newton v. Hammond,* 38 O. S., 430, and cases there cited.

But it is said that the county court cited plaintiff in error, Bisbee, to appear and settle his accounts, and that he ignored the citation, and no settlement could be made, and that for that reason this action should be maintained. We can see no sufficient reason for such conclusion. As we have seen, the county court not only has the authority to require settlements to be made, but it has exclusive jurisdiction in such matters. · It is true that a guardian may ignore the citation to settle, but it is equally true that the county court has full power to examine into his accounts and charge him with a balance, after such citation, in his absence as in his presence.

It also has all the facilities that any court has for bringing evidence before it, and can just as well settle the accounts of a guardian upon default as can the district court. It has the same power to compel the attendance of witnesses as the district court, and its powers in that behalf are just as extensive. But the provision of the statute giving the exclusive jurisdiction to the county court must be decisive of the whole question, without reference to any other considerations.

The judgment of the district court is therefore reversed, the demurrer sustained, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.