FIDELITY AND DEPOSIT COMPANY OF MARYLAND v. THERESA SCHELPER,
GUARDIAN, ET AL.

Decided December 7, 1904.

**1.—Guardian and Ward—Conversion—Burden of Proof.**

In an action against a guardian for conversion to his own use of proceeds from the sale of property belonging to the estate, the burden of proof is upon the plaintiff, to meet which it must be shown that the guardian failed to account to the County Court for the proceeds of such sale; proof that he did not pay it over to the wards is insufficient.

**2.—Same—Final Settlement—Sureties.**

Where the settlement of a guardian shows a balance due from him, this fixes no liability either upon the guardian or his sureties, where there has been no final settlement of his accounts as guardian and an order of the court having jurisdiction requiring the guardian to pay the balance.

**3.—Same—Liability of Surety.**

The liability of a surety can not be extended by implication beyond the precise terms of his bond.

**4.—Guardian—Surety—Conversion—Offset.**

In an action against the surety on a guardian's bond for conversion by the guardian of proceeds from the sale of property of the estate, sums paid out for support and maintenance of the wards, for taxes and in discharge of a mortgage on the land, and not credited by the County Court, should be allowed in offset.

**5.—Indemnity—Contract—Public Policy.**

An agreement on the part of a guardian to indemnify the surety on his bond by keeping in force until his death a policy of insurance on his life, payable to his wards, was not against public policy, and the receipt of the money by the wards upon his death was a complete satisfaction of a demand by them against the guardian and his surety for a sum alleged to have been converted to the use of the guardian.

Appeal from the District Court of Bexar. Tried below before Hon. Edward Dwyer.

*Webb & Goeth,* for appellant.

*Geo. Altgelt* and *M. E. Buckley,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This is an appeal from a judgment in favor of appellees against appellant as surety of F. W. Puetz, on his bond as guardian of the estate of the Jacob minors.

As we shall reverse the judgment, it will be unnecessary for us to discuss the assignment complaining of the action of the court on appellant's plea of abatement, for the question in all probability will not arise on another trial. We will remark, however, that the rule in this State, as stated in Townes on Pleading, is, "if a second suit is brought in a court deriving its authority from the same sovereign as that in which the first suit is pending, and a plea in abatement is filed because of the pendency of the first, the court will compel the party to elect which suit he will proceed with, and to dismiss and pay the cost of the other."

The suit is to recover $1,250 received by F. W. Puetz from the sale of a certain tract of land of the estate of the appellees, made by him under an order of the County Court of Bexar County as guardian of the estate. It was alleged by appellees that Puetz, as guardian of their estate, did not account to the County Court of Bexar County, in which the guardianship was pending, nor to them for any of the money, but converted it to his own use; and that therefore appellant, as surety on his bond, became liable to them for the payment of the same.

While there is proof that the guardian never paid or accounted directly to his wards for the money, there is no evidence in the record tending to show that he did not account to the County Court for all of it, or that he converted any of it to his own use.

The condition of a guardian's bond is that he will faithfully discharge the duties of guardian of the estate of his wards according to law. In suing upon the bond the burden of proving a breach of its condition is upon the plaintiff, and it is not met by showing that none of the proceeds received by him from the sale of the property of the estate ever came into the hands of the wards; for non constat that he did not invest or pay out under order of the court and satisfactorily account to it under the law for the entire sum. The County Court can only order the sale of a minor's real estate when the personal property thereof and the proceeds of previous sales are insufficient for the education, maintenance of the ward, or to pay the debts against the estate, Rev. Stat., arts. 2653, 2654. This clearly indicates that the proceeds of such sales are not to be paid to the wards, but should be paid out by the guardian or his successor under orders of the court for the purposes only which authorize the court to have the land sold.

By article 2684 the guardian of an estate is required to annually return to the court an account showing among other things the money and property on hand, etc., and such other facts as may be necessary to show the true and exact condition of the estate. If he die, his legal representatives shall account for, pay over and deliver to the person legally entitled to receive the same, all the property of every kind belonging to the estate of the ward at such time and in such manner as the court shall order. Rev. Stat., art. 2700. When a guardian succeeds a former guardian (as did the appellee, Theresa Schelper, upon the death of Puetz), he is required to account for all the estate which came into the hands of his predecessor and is entitled to any order or remedy which the court has power to give to enforce the delivery of the estate, and the liability of the sureties of his predecessor is for so much as is not delivered. Rev. Stat., art. 2701.

It does not appear from the evidence that appellee Theresa Schelper ever sought an order of the County Court, or invoked any remedy that court had power to give, to compel the legal representatives of her predecessor or surety on his bond to account for, pay over and deliver to her, as the one legally entitled to receive it, any of the money sued for. It would seem that such remedy as the County Court had power to give should have been sought, or it should be shown that it could give no adequate remedy, before the successor of the deceased guardian would be authorized to bring an independent action in the District Court against

the surety upon his bond. However, as appellees' petition was not objected to upon this ground, but the jurisdiction of the District Court conceded and acquiesced in by it, no further notice will be taken of the point, and the case will be considered as one within the original jurisdiction of the District Court.

The failure of a guardian or his legal representatives upon his death to make a settlement which, for any cause, is not proper, or should not be allowed or confirmed, does not fix a liability upon either the guardian or his sureties. It is only when the court has judicially ascertained the irregularity of the settlement and the liability of the guardian, either from complete failure to settle or because of an improper settlement, that the liability attaches. Ball v. LaClair, 17 Neb., 39, 22 N. W. Rep., 118; Sebastian v. Ryan, 21 Ark., 447; Connelly v. Weatherly, 33 Ark., 658; O'Brien v. Strang, 42 Iowa, 643; Vermilya v. Bunce, 61 Iowa, 605, 16 N. W. Rep., 735; Bisbee v. Gleason, 21 Neb., 534, 32 N. W. Rep., 578; Perkins v. Stimmel, 116 N. Y., 359, 21 N. E. Rep., 729. So where the settlement of a guardian shows a balance due from him, this fixes no liability where there has been no final settlement of his accounts as guardian, and an order of the court having jurisdiction requiring the guardian to pay the balance. Kugler v. Prien, 62 Wis., 248, 22 N. W. Rep., 396; Sebastian v. Ryan, supra; Tutle v. Northrup, 44 Ohio St., 178, 5 N. E. Rep., 659. And as no action can be maintained against a guardian until he is judicially found in default and ordered to pay, it follows that until then his sureties are not liable, as their liability can not be greater than that of the principal. Connelly v. Weatherly, 33 Ark., 658.

It is a settled rule of law that a surety is not to be held beyond the terms of his contract. The claim against him is strictissimi juris. Nothing can be clearer, both on principle and authority, than that the liability of a surety is not to be extended by implication beyond the precise terms of the bond. To the extent and in the manner pointed out in his obligation he is bound, and no further. He has the right to stand upon the very terms of his contract. Nothing will be presumed to extend the liability as laid down in the bond. Tomlinson v. Simpson, 33 Minn., 443; Gerber v. Ackley, 37 Wis. 43; People v. Pennock, 60 N. Y., 421; Orian v. Pueblo, 8 Colo., 293, 6 Pac. Rep., 931; Tate v. People, 40 Pac. Rep., 471; McDonald v. People, 54 Pac. Rep., 863; McDonald v. Denikinger, 54 Pac. Rep., 863; Bunce v. Bunce, 65 Iowa, 106, 21 N. W. Rep., 205.

Thus it is seen it was incumbent upon appellees to prove their allegation that Puetz did not account to the County Court in which the guardianship was pending for the money realized from the sale of the land, before they were entitled to recover.

In considering the matters plead by appellant as charges against the estate which its principal was entitled to have allowed, it will be upon the hypothesis that such matters were not brought before nor considered by the County Court in the matter of the guardianship of the estate, and that the District Court in this suit acquired jurisdiction of such matters.

The jurisdiction of the District Court was coextensive with all ques-

tions or issues necessary or proper to be ascertained upon a final determination of the subject matter of an issue between the parties. For it is a principle of natural justice and of law, that a person who is proceeded against in a court shall have full and fair opportunity to make his defense. This is an essential element of jurisdiction. Therefore, if appellant was not given the right to be heard on an issue, which if established in its favor would lessen its liability, justice was not done. Chapman v. Brite, 4 Texas Civ. App., 513; Oglesby v. Forman, 70 Texas, 647; Reinstein v. Smith, 65 Texas, 247; Stonebreaker v. Friar, 70 Texas, 202. As a surety's liability can not be extended beyond the liability of its principal, what ever credits Mr. Puetz as guardian was entitled to, of the estate, can be shown by the appellant as a defense to this action. If, therefore, as alleged by appellant, taxes were due on and chargeable to the interest of appellees in the land at the time of the sale, the amount due therefor would necessarily constitute a debt and valid claim against their estate, which if paid off by the guardian from the proceeds of the sale would entitle him to a credit to the amount paid; unless it should appear that the sale was such as subjected the land in the hands of the purchaser to the payment of such taxes, and, as between the purchaser and the State, freed the latter from responsibility therefor. The same thing may be said in regard to the claim of appellant that Puetz paid off a mortgage of $807.64 on the property sold.

The presumption must be that the land was sold because the income of the wards' estate and the personal property thereof and the proceeds of previous sales were insufficient for the education and maintenance of the wards, or to pay the debts against their estate. In such an event, the principle that a guardian is confined in his expenditures or payment of money to the clear income of his ward's estate can have no application. For the very order under which the sale was made would show a necessity of resorting to the corpus of the estate in order to educate and maintain the wards or pay off indebtedness against it. Therefore, if Puetz as guardian paid out, as is claimed by appellant, $410.38 for the support and maintenance of his wards, and was not credited with such payment in the County Court, the appellant would be entitled to it in offset, to that extent, to appellee's action, provided that the payment was made in good faith and was such as Puetz as guardian of the estate would have been entitled himself to have allowed as a credit on his account. And whatever costs of guardianship that were actually paid by the guardian from the proceeds of the sale that were legitimately incurred by him, whether expended for revenue stamps or otherwise, though not expressly authorized by the County Court, if such as it would be the duty of that court to allow, should have, in this action, been considered and taken as a defense pro tanto of Puetz's surety. Woerner on Guard., sec. 45. Chapman v. Brite, supra. But if the guardian was, as charged by appellees, guilty of a conversion of the proceeds of the sale or any part thereof, then, to the extent of such conversion, he nor his surety would be entitled to a credit for receiving or paying out so much of the fund as he was guilty of appropriating. Webb v. Stockwell, 63 N. E. Rep., 321; Chapman v. Brite, supra.

If, as alleged by appellant, Puetz, in consideration of its agreeing to

become surety upon his guardian's bond, agreed to indemnify it against any liability upon the bond, by keeping in force until his death a policy of insurance upon his life, payable to his wards, and he in pursuance of such agreement kept the policy in force, and upon his death his wards, by reason of such an agreement, received in payment on such policy a sum of money in excess or equal to that for which he or his surety would otherwise have been liable to them on the bond, then we can see no reason why public policy should deny the validity of such agreement, or prevent the receipt by the wards of the money if paid in pursuance of it from being a complete satisfaction of their demand against Puetz, as well as against the surety for the sum of money sued for. The bond itself was to indemnify the wards against the failure of the guardian to faithfully discharge his duties, as such, of the estate of his wards according to law; and no reason can be shown why the surety should not in turn be allowed to contract with its principal for indemnity against its liability on the bond for his defalcations. The questions are simply whether there was such a contract of indemnity between the principal on the bond and the appellant as his surety; and if there was, whether the contract was performed and the wards received the money on a policy in pursuance of it.

For reasons of the errors committed, the judgment of the District Court is reversed and the causes remanded.

*Reversed and remanded.*