## HOEHN v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 2563.

Court of Civil Appeals of Texas. El Paso. Sept. 17, 1931.

Rehearing Denied Oct. 8, 1931.

Knollenberg & Cameron, of El Paso, for plaintiff in error.

Lea, McGrady & Edwards, of El Paso, for defendant in error.

PELPHREY, C. J.

This is the second appeal of this case, and reference is here made to our decision on the former appeal reported in 20 S.W.(2d) 263, for a statement of the agreed facts.

In that case we held that the judgment in favor of plaintiff in error should be reversed and her suit dismissed because her claim had not been filed with the Industrial Accident Board within the six-month period fixed by statute and no good cause shown why same had not been filed.

The judgment was not appealed from.

Thereafter, on May 20, 1930, plaintiff in error filed a claim with the board against defendant in error. A hearing was had, and an award of full compensation to plaintiff in error was made. Defendant in error appealed to the Forty-First district court, and in a trial before the court judgment was rendered setting aside said award.

This appeal is from said judgment.

### Opinion.

On November 27, 1926, Mrs. John J. Cahill, of Phœnix, Ariz., wrote the following letter to the Industrial Accident Board: "I am writing you at the request of Mrs. Philip Hoehn of Phœnix, Arizona, Mrs. Hoehn's son Edward was killed on Nov. 8, while working for Joe Gerrick & Co., San Francisco contractors. At the time of his death he was working on the re-building of the Old South Western Railroad trestle at El Paso, Texas. Mrs. Hoehn has been told that she is entitled to compensation, and would like to know if anything has been done in this matter. I would like to add that Edward was his mother's sole support, and she is sadly in need of all compensation allowed her, as she is a widow with four young children."

Plaintiff in error now contends that the above letter was sufficient notice, at least to amend, and that, when the board passes on a claim presented more than six months after the death of the employee, and makes an award thereon, it thereby decides that sufficient reason for not filing within the period has been shown, which decision is binding, in the absence of a showing that the board has abused its discretion.

Defendant in error, on the other hand, contends that the former judgment of this court is res judicata on such issues.

It is a general rule that a judgment is conclusive of whatever might have been litigated in the action in which it was rendered, and that a party must bring forward in one suit all the claims or defenses which he has which are included in or applicable to the cause of action in suit. 34 C. J. 811, and authorities cited.

On the former appeal, there was no mention made of the aforesaid letter and no contention that any claim was filed with the board prior to March, 1928. Neither was there pleading or proof as to any excuse for her failure to file within six months.

It was necessary for plaintiff in error to recover to show that she had filed a claim within six months or good cause for such failure. The judgment of this court was to the effect

that she had not discharged that burden. She permitted that judgment to become final. It was her duty to bring forward in the former suit all the facts upon which a recovery by her depended. After failing to do that, she cannot now be heard to say that there were other facts which entitled the board to pass upon her claim.

We feel it unnecessary to discuss the other question presented. The judgment is affirmed.