## MITCHELL v. SMALL et al.

### No. 7642.

Court of Civil Appeals of Texas. Austin.

Oct. 28, 1931.

Mike E. Smith, of Fort Worth, for plaintiff in error.

Baker & Baker and Dibrell & Starnes, all of Coleman, for defendants in error.

BAUGH, J.

Appeal is from an instructed verdict in favor of the defendants in the lower court. Suit was brought by plaintiff in error, as plaintiff below, in trespass to try title to the minerals under 1,280 acres of land in Coleman county; against Mrs. Lillie Small for damages for alleged fraud and collusion between her and Frank Woodward; and for partition of such minerals as against Woodward. The trespass to try title count appears to have been abandoned, as well as the partition suit; and only the question of damages based upon the fraud alleged is presented here. The following facts appear:

J. P. McCord, administrator of the Overall estate, on February 11, 1928, under orders of the probate court of Coleman county, conveyed to Mrs. Lillie Small 1,280 acres of land in said county, in which conveyance he expressly retained in said estate an undivided one-half interest in the oil, gas, and other minerals thereunder for a period of 15 years; the deed also providing, "but any lease on said lands may be executed without the joinder of the said J. P. McCord, his successors and assigns." On May 28, 1928, Mrs. Lillie Small executed and delivered to Clyde B. Mitchell and Frank Woodward, who was her son, a standard form oil and gas lease on said lands, running for a period of three years. Contemporaneously therewith, and as a part of the same transaction, the same parties entered into a written contract whereby Mitchell and Woodward agreed that said lease should forfeit and be null and void unless they began the drilling of a well on said lands within 45 days from said May 28, and prosecute same to a depth of 2,300 feet unless pay sand be found at a lesser depth; and also agreed to pay to Mrs. Small the sum of $25,000, to be realized from the sale by them of acreage out of said 1,280-acre block. Mitchell immediately set out to secure a drilling contract, but was unable to do so because title to said lands was rejected on account of the provisions in the deed from the administrator of the Overall estate. On November 2, 1928, no drilling having been commenced, Frank Woodward, on behalf of himself and Mitchell, executed a release of said lands back to his mother.

The fraud alleged by Mitchell was that Mrs. Small fraudulently represented to him that she had good title to all the minerals under said lands; that it would be unnecessary for him to secure an abstract to same; and that she had full power and authority to execute a lease on same. It was further alleged as against her and Woodward that the release executed by Woodward on November 2 was without authority or consent of Mitchell and executed through collusion between them for the purpose of defeating Mitchell's effort to secure the approval by the probate court of the administrator's act in ratifying a proposed assignment by Mitchell of 320 acres of said land to secure the drilling of a well.

There is no evidence whatever of any collusion between Mrs. Small and Frank Woodward in the execution by him of the release to her. Mitchell testified that he and Woodward were partners in the enterprise and were to share equally in the profits. It is not controverted that no well had been begun on said premises up to the time of said release on November 2, more than five months after the date of the lease. Clearly it was subject to forfeiture under their express contract, unless Mitchell's failure to perform his part of the contract was due to some fault of the other parties thereto. The record shows that he was an oil man, solicited the lease from Mrs. Small, and was to have charge of drilling arrangements. No fraud whatever on the part of Woodward is shown by the evidence. Nor does plaintiff in error rely for recovery on any breach of warranty of title to said minerals express or implied. The only remaining issue therefore is whether or not there was any evidence to go to the jury as to fraudulent representations by Mrs. Small concerning her title. We think not.

The deed from McCord, as administrator,

was of record at the time the lease to Mitchell and Woodward was made and the reservation of the minerals therein provided known to Mitchell. His testimony as to the execution of said lease, on direct examination, on this issue was as follows: "On the occasion that we finally agreed on the lease she told me that she had a right to make the lease to the property; she told me that she had good title to the property. As to what she said as to what her authority was in the matter; she said she had a right to make lease of all the minerals. And I believed that to be true, and I relied on it. And this lease and this contract was then signed up with Mrs. Lillie Small and Frank Woodward."

On cross-examination, he testified with reference to his trip from Fort Worth to Gary, Okl., where Mrs. Small lived, to procure said lease, as follows:

"I saw Mrs. Small's deed there. I did not read it. I did not read all of it. Mrs. Small told me what was in the deed. She told me about the mineral reservation in the deed at that time. And she also told me that it was her contention that that mineral reservation was not binding on her. She said that she did not think it was binding on her. * * *

"I went up there and made this trade and signed up that contract to drill a well, and to begin that well within forty-five days of the date of that contract, and at the time we signed that contract I knew of this mineral reservation in the deed to Mrs. Small. As to whether I signed up that contract and did not put a thing in it about the title; no, sir."

We do not think that the statements of Mrs. Small could in any event be construed to be misstatements of a fact. They appear rather to relate to a question of law as to what estate passed to her under the deed and what her authority was in making a lease thereunder. Such representation as to a question of law could not be made a basis of a charge of fraud. McGary v. Campbell (Tex. Civ. App.) 245 S. W. 106, 115. And even if her statements be not mere expressions of opinion as to the legal effect of the reservation in the deed, they could not be construed other than merely her opinion with reference to a matter as well known to Mitchell as to herself; and one in which his judgment was as good as her own. Certainly sources of information on the matters complained of were equally open to both parties, no confidential relationship existed, and her statements were manifestly no more than expressions of opinion by Mrs. Small, which would not sustain an action for fraud. Huffmaster v. Toland (Tex. Civ. App.) 250 S. W. 468.

We think the trial court properly instructed a verdict for defendants, and the judgment will be affirmed.

Affirmed.