TRADERS & GENERAL INS. CO. v. KEITH.

No. 4763.

Court of Civil Appeals of Texas. Amarillo.

May 31, 1937.

Rehearing Denied June 28, 1937.

Simpson, Dorenfield & Fullingim, of Amarillo, and Lightfoot, Robertson, Saunders & Gano and Claude Williams, all of Fort Worth, for appellant.

F. H. McGregor, of Amarillo, for appellee.

JACKSON, Chief Justice.

The record shows that George Keith claims that while acting in the course of his employment for Harry Stekoll, on August 4, 1934, he received an injury to his left knee which resulted in his total and permanent incapacity. He filed his claim for compensation with the Industrial Accident Board within the time prescribed by law, and on December 21st, thereafter, the board made its award allowing him compensation. On account of the inadvertence of the party who made out the claim, the injury was reported to have occurred on August 13, 1934, and the board made its award for alleged injuries received on said date instead of August 4th.

Keith was dissatisfied with the amount of the award, gave notice of appeal therefrom, and on January 9, 1935, filed suit in the district court of Hutchinson county cause No. 2887, to set aside said award and recover greater compensation than he had been allowed by the board.

He alleged, among other things, that on August 4, 1934, at the time of his injury, he was in the employ of Harry Stekoll Oil Company, which carried a policy for the protection of its employees with the Traders & General Insurance Company, the defendant.

The defendant answered by general denial, denied under oath that it ever issued any policy of insurance to the Harry Stekoll Oil Company, and pleaded by way of cross-action that the decision of the Industrial Accident Board entered December 21, 1934, was unjust; that the defendant was not legally liable to the plaintiff for the payment of any sum or sums of money whatever because of said accident and injuries; that on the 10th of January, 1935, defendant filed with the Industrial Accident Board notice that it would not abide by the decision made December 21, 1934, in the matter of George Keith, Employee, v. Harry Stekoll, Employer, and Traders & General Insurance Company, Insurer, and numbered T–18255 on the docket of said board; ask that plaintiff take nothing, and that on a hearing of its cross-action, the final ruling and decision of the board be set aside and held for naught.

No complaint is made in this record of the sufficiency of the plaintiff's pleading or the defendant's answer and cross-action in cause No. 2887. The case was reached regularly on the district court docket, called, a jury impaneled, and the hearing of testimony begun.

The plaintiff offered in evidence a copy of the notice of injury and the claim for compensation upon which the board made its award, to the admission of which the attorney for the defendant objected because said notice and claim showed that the injury for which the board had made its award had been received by the plaintiff on August 13, 1934, and the injury for which compensation was sought in plaintiff's petition appeared to have been sustained on August 4, 1934, and hence there was a variance between the pleading and proof. The attorney also urged a variance between the name of plaintiff's employer, Harry Stekoll Oil Company, alleged in his petition, and the name of his employer, Harry Stekoll, contained in the notice and claim for compensation.

After some discussion between Mr. Gardner and Mr. Witcher, the attorneys for the plaintiff, and Mr. Will R. Saunders, the attorney for the defendant, the court offered to permit the plaintiff to withdraw his announcement of ready for trial and continue the case. The attorneys for plaintiff held a consultation, declined to avail themselves of this privilege, and announced the plaintiff would take a nonsuit.

The defendant, through its attorney, insisted upon the right to have a trial and disposition of the cause of action alleged by it in its cross-action, and the following proceedings were had:

"Whereupon the plaintiff announced in open court that he did not wish to withdraw his announcement of ready, but stated to the court that he would no further prosecute his cause of action as against the defendant and requested the court to dismiss the same, which request was by the court accordingly granted;

"It is, therefore, accordingly ordered, adjudged and decreed by the court that the plaintiff's cause of action herein as against the defendant be and the same is hereby dismissed and the defendant, Traders and General Insurance Company, is allowed to go hence without day and recover of and from the plaintiff, George Keith, its cost in its behalf incurred for which execution may issue.

"Thereupon in open court, the plaintiff and the defendant, acting by and through their respective attorneys, and in the presence of the plaintiff, and in open court, requested the court to instruct the jury,

* * * To find in favor of the defendant."

A verdict was returned as directed, "which said verdict was duly received and ordered filed by the court and upon consideration thereof, it was the opinion of the court that the defendant, Traders and General Insurance Company, is entitled to recover on its cross-action as against the plaintiff herein, and it is, therefore, accordingly ordered, adjudged and decreed by the court that the award of the Industrial Accident Board as made on the 21st day of December, 1934, in that certain cause entitled George Keith, Employe, v. Harry Stekoll, Employer, Traders and General Insurance Company, Insurer, and numbered T-18255 on the docket of said Board, to be and the same is hereby set aside and held for naught. It is further ordered, adjudged and decreed by the court that the defendant do have and recover of and from the plaintiff, George Keith, its cost in this behalf incurred, for which execution may issue."

Mr. Keith on May 6, 1935, filed with the Industrial Accident Board of the State a second notice of injury and claim for compensation, and a second award was made by the board July 1st, thereafter. He promptly gave notice of his unwillingness to abide by its said second award, and within the time prescribed by law instituted this suit, cause No. 3003, in the district court of Hutchinson county against the appellant, the Traders & General Insurance Company, to set aside said award and recover greater compensation than therein allowed for the injuries he claims to have sustained on August 4, 1934, while employed by Harry Stekoll, who carried compensation insurance with the appellant company.

He filed his first amended original petition November 10, 1935, in the nature of a bill of review, in which he asked that the judgment in cause No. 2887 be set aside and held for naught, or that he have a decree amending and correcting such judgment so as to reflect the agreement to the effect that the plaintiff's claim for compensation should not be prejudiced or affected thereby.

He also pleaded a cause of action for compensation for his alleged injury.

The defendant answered in cause No. 3003, contending that the judgment in cause 2887 was res judicata of the cause

of action alleged by plaintiff and a bar to his recovery of compensation.

In addition, it pleaded a general denial and again set up a cross-action against the plaintiff.

On the findings of the jury to the special issues submitted, the court decreed that the judgment in cause No. 2887 be vacated, and that George Keith, appellee, recover the sum of $7,215 from the Traders & General Insurance Company, the appellant, from which judgment this appeal is prosecuted.

We will consider together the assignments under which appellant contends that the record shows that its plea of res judicata under the record was a bar to appellee's recovery.

The jury in answer to the submitted fact issues, upon which appellee relied to vacate the judgment in cause No. 2887, found in effect that in the trial of cause No. 2887 the defendant's attorney did not agree for his client not to plead the judgment in said cause in bar of compensation for injuries the plaintiff said he sustained on August 4, 1934; that he did state to plaintiff's attorneys that under the law the difference in the date alleged in plaintiff's petition and that set up in his claim for compensation and proof of injury constituted a variance and would require plaintiff to take a nonsuit; they found that the plaintiff relied thereon; that Mr. Saunders took the position that because of this variance, the court was without jurisdiction to pass on plaintiff's alleged injury of August 4, 1934; that it was mutually agreed and understood between all the attorneys that the proper thing to be done was to dismiss plaintiff's suit and set aside the prior award, and the plaintiff's attorneys dismissed the case and consented that the court direct the jury to find a verdict for the defendant setting aside the award of the Industrial Accident Board based on an injury of August 13, 1934.

The jury acquitted Mr. Saunders of the alleged agreement not to plead the judgment in cause 2887 as a defense to any future suit brought by plaintiff for compensation for his alleged injuries, and the testimony shows that in answer to a question asked by the judge, he stated in open court in the presence of appellee's counsel that he would plead any defense available to his client in future litigation. This left no room for appellee or his attorneys to misunderstand the position of the attorney of appellant. The statement that under the law the variance would necessitate a nonsuit, and his position and insistance that on account of such variance the court was without jurisdiction to at that time pass on the injury alleged, were not statements of facts, but were obviously the expressions of legal opinions and the mutual agreement of all the attorneys that the proper thing was to dismiss plaintiff's suit and set aside the award was but a concurrence in a legal conclusion.

Mr. Saunders was not acting in any fiduciary capacity either for appellee or his attorneys, neither did there exist any relation of trust or confidence between said parties. The attorneys were adversaries acting at arm's length in the trial of a lawsuit in which the legal and business interests of their respective clients were antagonistic.

The appellee had selected and employed Messrs. Gardner and Witcher to institute and prosecute his suit against appellant, and it would, in our opinion, be a dangerous rule that would by a bill of review set aside a final judgment obtained by a litigant because his lawyer, during the proceedings in which such judgment was had, stated his opinion of the law so persuasively as to convince the lawyers of the opposition that they should be guided by such an opinion.

■ It is a cardinal principle that an attorney owes his client the highest good faith, and, after receiving employment and the confidence of his client, may not represent another interested in the same subject-matter.

■ "As a general rule it may be said that an attorney deals at arm's length with adverse parties, that he owes them no duty, and that he is not liable to them for his actions as an attorney in behalf of his client." 5 Tex.Jur. p. 473, par. 63.

■ Generally, the mere expression of an opinion is not a representation upon which the party to whom the statement is made is entitled to rely, since he is assumed to be equally able to form his own opinion. This is especially true where both parties have equal knowledge of the subject, presumably at least, and equal opportunity to inform themselves and reach a correct conclusion.

■ "A misrepresentation as to a matter of law is ordinarily to be regarded as merely an expression of opinion and will

not support an action for fraud and deceit, there being no fiduciary relationship between the parties." 20 Tex.Jur. p. 28, par. 14.

The law is stated in this language in 12 R.C.L. p. 295, par. 59: "As a general rule fraud cannot be predicated upon misrepresentations as to matters of law, nor upon opinions on questions of law based on facts known to both parties alike, nor upon representations as to what the law will not permit to be done, especially when the representations are made by the avowed agent of the adverse interest. Reasons given for this rule are that everyone is presumed to know the law, both civil and criminal, and is bound to take notice of it, and hence has no right to rely on such representations or opinions, and will not be permitted to say that he was misled by them."

For additional authorities, see McGary v. Campbell et al. (Tex.Civ.App.) 245 S. W. 106; Mitchell v. Small et al. (Tex. Civ.App.) 45 S.W.(2d) 403; 26 C.J. p. 1207.

In Upton v. Tribilcock, 91 U.S. 45, 23 L.Ed. page 203, the Supreme Court of the United States says:

"The law is presumed to be equally within the knowledge of all parties. * * *

"The rule, that a mistake of law does not avail, prevails in equity as well as at common law. * * *

"'If ignorance of law was admitted as a ground of exemption, the court would be involved in questions which it were scarcely possible to solve, and which would render the administration of justice next to impossible; for in almost every case ignorance of law would be alleged and the court would, for the purpose of determining this point, be often compelled to enter upon questions of fact insoluble and interminable.'"

Should we consider that all the attorneys acted under the same misapprehension as to the law, it does not follow that this would be sufficient for the intervention of a court of equity.

Mr. Pomeroy, in the Fourth Edition of his Equity Jurisprudence, vol. 2, p. 1725, par. 846, in speaking of a mutual mistake of law, says: "It has been said that whenever a mistake of law is common to all the parties, where they all act under the same misapprehension of the law, and make substantially the same mistake concerning it, this is a sufficient ground, without any other incidents, for the interposition of equity. No such general rule, in my opinion, can be regarded as established, or even suggested, by the weight of authority; and it is certainly contradicted by well-considered decisions of most able courts."

■ From the record and these authorities, we conclude that appellee failed to show fraud, misrepresentations, undue influence, the violation of any confidence reposed, or other inequitable conduct that would justify vacating the judgment in cause No. 2887 by a bill of review.

Assuming that the variances upon which the attorney for appellant based his objection to the admission of testimony inhibited proceeding with the trial, certainly Mr. Keith was not forced by circumstances beyond his control to suffer the entry of a judgment against him in cause 2887. Among several remedies which he had, he refused to avail himself of one, ample for his protection, when the court offered to permit him to withdraw his announcement of ready and continue the case; instead, he took a nonsuit, and voluntarily agreed that the court might direct a verdict for the Insurance Company.

■■ "It is a rigid rule that courts of equity will not grant a party to a judgment a new trial when the failure to have a full and fair presentment of his case has resulted from the negligence or mistakes of his counsel. Public policy demands that, in the absence of fraud on the part of his counsel, the party should be as fully concluded by the act of his attorney as if he were acting for himself. It is also a fixed rule that a court of equity will not interfere to set aside a judgment, and grant a new trial, except upon a showing of strict diligence in the prosecution of the cause, and upon proof that, after doing all that such diligence required to be done, he had been deprived, by fraud, accident, mistake, or other uncontrollable circumstance, of the opportunity of properly presenting his case upon the trial." Brownson et al. v. Reynolds et al., 77 Tex. 254, 13 S.W. 986, 987.

■ When Mr. Keith perfected his appeal from the first award of the Industrial Accident Board to the district court, such award was thereby vacated. Zurich General Accident & Liability Insurance Co., Limited, v. Rodgers (Tex. Sup.) 97 S.W.(2d) 674; Texas Reciprocal Insurance Association v. Leger (Tex.Sup.)

97 S.W.(2d) 677. Such appeal had the effect of bringing all parties and the entire controversy before the district court for a trial de novo. Hartford Accident & Indemnity Co. v. Choate, 126 Tex. 368, 89 S.W.(2d) 205; Maryland Casualty Co. v. Reel et al. (Tex.Civ.App.) 64 S.W.(2d) 1047. The plaintiff had the right to nonsuit his cause of action in 2887, but could not thereby prejudice the right of the defendant to prosecute its cross-action to judgment. Even if the cross-action was defectively pleaded, such defect would be supplied from plaintiff's petition. McElyea et al. v. Parker, 125 Tex. 225, 81 S.W.(2d) 649.

■■■ The parties, plaintiff and defendant, in 2887 are identical with the parties, appellee and appellant, in the instant case. There was but one accident which resulted in but one injury, and it is for this injury compensation was sought in both cases. The judgment became final, and the fact that the petition alleged the injuries to have occurred on August 4, 1934, and the award by the board recited the injuries to have occurred on August 13th, thereafter, would not constitute a different cause of action. Indemnity Insurance Company of North America v. Judice (Tex.Civ.App.) 40 S.W.(2d) 246.

Mrs. Hoehn presented to the Industrial Accident Board of the State her claim for compensation on account of the death of her eighteen year old son. Compensation was denied. She perfected her appeal to the district court and obtained a judgment against the Employers' Insurance Association. The association prosecuted an appeal to the Court of Civil Appeals at El Paso. The judgment of the district court was reversed and the cause dismissed for the reason that the original claim was not filed within six months; nor was good cause shown for not filing. Texas Employers' Ins. Ass'n v. Hoehn (Tex.Civ.App.) 20 S.W.(2d) 263. Thereafter, she filed her claim a second time with the board and was awarded full compensation against the Texas Employers' Insurance Association. It appealed to the district court and the award was set aside. Mrs. Hoehn prosecuted an appeal from the district court to the Court of Civil Appeals at El Paso. In disposing of the case, the court said:

"It is a general rule that a judgment is conclusive of whatever might have been litigated in the action in which it was rendered, and that a party must bring forward in one suit all the claims or defenses which he has which are included in or applicable to the cause of action in suit. 34 C.J. 811, and authorities cited. * * *

"It was necessary for plaintiff in error to recover to show that she had filed a claim within six months or good cause for such failure. The judgment of this court was to the effect that she had not discharged that burden. She permitted that judgment to become final. It was her duty to bring forward in the former suit all the facts upon which a recovery by her depended. After failing to do that, she cannot now be heard to say that there were other facts which entitled the board to pass upon her claim." Hoehn v. Texas Employers' Ins. Ass'n (Tex.Civ.App.) 42 S.W.(2d) 266. (Writ Ref.)

It follows from the foregoing discussion that we are of the opinion that the judgment obtained in cause 2887 was good as a plea of res judicata and a bar to further prosecution by appellee of his claim for compensation.

If we are correct in the foregoing conclusion, the other assignments of error become immaterial.

The judgment is reversed and here rendered against appellee and in favor of appellant.