Jack N. PRICE, d/b/a Longview Abstract and Title Company, Appellant,

v.

The STATE BOARD OF INSURANCE et al., Appellees.

No. 12254.

Court of Civil Appeals of Texas, Austin.

April 16, 1975.

Jack N. Price, Price, Fisher, Patton & McLemore, Longview, for appellant.

John L. Hill, Atty. Gen., David W. Pace, Asst. Atty. Gen., Austin; Mike A. Hatchell, Ramey, Flock, Hutchins, Grainger & Jeffus, Tyler, for appellees.

PHILLIPS, Chief Justice.

This is an appeal from a summary judgment rendered in favor of appellees.

Appellant, Jack N. Price, doing business as Longview Abstract and Title Company, a title insurance agent, was required to secure bond for its escrow officers under the terms of Article 9.45, Vernon's Ann.Texas Insurance Code.

Pursuant to the statute, appellant obtained a bond entitled "Texas Escrow Officers Schedule Bond"[1] from the St. Paul Fire and Marine Insurance Company, one of the appellees here. The other appellee is the Texas State Board of Insurance.

A schedule attached to this bond listed Lynn S. Patton and Elizabeth Barnett as licensed escrow officers. This suit was brought on the bond due to the alleged misapplication or embezzlement of some $21,485.63 by the escrow officer Elizabeth Barnett.

At the same time the above-described bond was executed, appellant also entered into an indemnity agreement with appellee insurance company wherein appellant agreed to hold the company harmless "from and against every claim, demand, liability, loss, costs, damages, expenses and attorneys' fees whatever, and any and all liability therefor, sustained or incurred by the company by reason of executing said bond or bonds . . . ."

Appellant brings this appeal contending that the trial court erred in rendering summary judgment denying mandamus against the State Board of Insurance to comply with its duties prescribed in Article 9.45, V.A.C.S., and in denying recovery of the penal amount of the escrow officer's bond written by appellee St. Paul Fire and Marine Insurance Company pursuant to Article 9.45(a) of the Texas Insurance Code.

At the outset, we hold that indemnity agreement signed by appellee has rendered moot both the question of the Insurance Board's action (or lack thereof) under Article 9.45 and the question of any liability the insurance company might have incurred under the bond. No one seeks recovery under the bond other than appellant who has agreed to hold the company harmless for any liability thereunder. We do note, however, appellant's contention that under the facts of this case, there is no way in which the appellee can lose, that the premiums paid are simply gratuities and that such a contract is void as being against public policy. We do not agree with this contention. Central Surety & Insurance Corporation v. Martin, 224 S.W.2d 773 (Tex.Civ.App.1949, writ ref'd), states the general rule in Texas that the nature of the indemnitor's liability under an indemnity contract must be determined by its

1. Due to the disposition we make of this case it is not necessary to describe the bond other than to state it was allegedly in compliance with Article 9.45 of the Texas Title Insurance Act requiring the title insurance agent to bond its escrow officers.

provisions. The fact that a bond is posted to satisfy the requirement of a statute does not affect the right of a surety to contract for indemnity by the principal, nor does it affect the validity of any indemnity agreement between them, Fidelity & Deposit Co. v. Schelper, 37 Tex.Civ.App. 393, 83 S.W. 871 (1904, no writ). The statute itself defines the public policy involved. It does not proscribe an indemnity contract such as we have here. When the issue of public policy is raised under such a contract, it is the interest other than that of the parties involved that is called into question. Beasley v. Texas & P. Ry. Co., 191 U.S. 492, 24 S.Ct. 164, 48 L.Ed. 274; St. Regis Candies v. Hovas, 117 Tex. 313, 3 S.W.2d 429 (Tex.Comm'n App.1928, opinion adopted). Since a primary purpose of the statute is the protection of the general public in its dealings with title insurance agents, and since the indemnity contract does not touch upon this class in any way, we find no difficulty in following that ancient maxim of the law, "as a man binds himself, so shall he be bound."

Next, appellant argues that if it is determined that the indemnity agreement should be construed as a release of liability of appellee to the title insurance agent for acts of dishonesty of the escrow officers and is construed not to be contrary to law and void, then appellant contends that it is entitled to trial upon the issue that the execution of the indemnity agreement was induced on the basis of false and willful misrepresentation to the effect that appellant was being provided that type of bond coverage required and provided for in the Insurance Code, and specifically, was being afforded bond coverage for protection of the title insurance agent against acts of defalcation by escrow officers. Appellant contends that this misrepresentation prevented appellant from securing a bond that would provide such coverage and protection, and has caused appellant a direct actual loss in the penal sum of the bond, i. e., the sum of $10,000.

Although appellee maintains that the foregoing point has been waived due to appellant's failure to raise the issue in a formal point of error,[2] we find that the issue has been adequately raised in the body of appellant's brief, consequently, we will pass upon it.

Appellant contends in its petition that the Escrow Officers Schedule Bond was obtained pursuant to a request that the appellee insurance company issue a "policy in compliance with the law, and provide whatever is required by law. When it was delivered it was represented by the agent of the St. Paul Fire and Marine Insurance Company that the bond was in compliance with the law, and that the coverage envisioned by and specified in the law was being afforded . . . It was based upon this representation, and the direct representation that the Plaintiff-Title Insurance Agent would be protected by the Escrow Officers Schedule Bond for loss . . ."

In Mitchell v. Small, 45 S.W.2d 403 (Tex.Civ.App.1931, no writ), the party alleging fraud complained that the provisions of a mineral deed had been misrepresented to him. In affirming a directed verdict, this Court held that the defendant's statements as to what the deed contained could not be construed as misstatements of fact but were questions of law as to what estate passed under the deed and the authority of the defendant in making the mineral lease thereunder. This Court held that such representation as to a question of law could not be made the basis of a charge of fraud. The Court pointed to the fact that the sources of information on the matters complained of were equally open to both parties, no confidential relationship existed between them and the statements complained of were no more than statements of opinion which would not sustain an action for fraud. There were no fact issues in this case to go to the jury. The liability under the bond (now

2. See Rule 418(b), Texas Rules of Civil Procedure.

held to be moot) was a matter of law for the court to decide. The only exception to this rule is when a special relationship of trust and confidence exists between the parties and such was not alleged here. Safety Casualty Co. v. McGee, 133 Tex. 233, 127 S.W.2d 176 (1939). Also see Lewis v. River Oaks Capital Corporation, 466 S.W.2d 348 (Tex.Civ.App.1971, writ ref'd n. r. e.); Furman v. Keith, 226 S.W. 2d 218 (Tex.Civ.App.1949, writ ref'd).

The judgment of the trial court is in all things affirmed.

Affirmed.