WRIGHT v. GLASS et al.　(No. 1416.)

(Court of Civil Appeals of Texas. Texarkana. March 5, 1915. Rehearing Denied March 25, 1915.)

VENDOR AND PURCHASER ⬤⟳140—CONTRACTS —CONSTRUCTION—"ABSTRACT."

Where a contract for the sale of land provided that the vendor should deliver an abstract to the land to the purchaser's attorney at a stipulated time, and that the purchaser should pay over the purchase money on delivery of a deed duly executed and an abstract, it was the obvious purpose that the "abstract," which is a compilation in abridged form of the record of title, should show that the vendor had the record title, and a claim of title by limitations is insufficient.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 262–264; Dec. Dig. ⬤⟳140.

For other definitions, see Words and Phrases, First and Second Series, Abstract of Title.]

Appeal from Titus County Court; Sam Porter, Judge.

Action by G. C. Glass and others against C. H. Wright. From a judgment for plaintiffs, defendant appeals. Reversed.

Appellee sues for the $500 deposited as earnest money upon a contract for the purchase of real estate, claiming that he had complied with the terms of the written agreement by furnishing to the purchaser the full abstract as provided for, and that appellant had failed and refused to accept it and comply with the agreement of purchase. The parties on December 6, 1913, made the following written agreement:

"We, the undersigned persons, parties to the deed to which this memorandum is attached, hereby enter into the following agreement with reference to said deed and five hundred dollars which is put up with said deed. G. C. Glass hereby agrees to deliver an abstract to the land described in said deed as soon as abstractor can finish same, not later than Jan. 1, 1914, and C.

H. Wright agrees to accept said deed on said date and pay five thousand dollars in cash to the said G. C. Glass on delivery to him by said G. C. Glass of said deed duly executed and said abstract.

"And it is specially understood that in case the said C. H. Wright fails to comply with the provisions of said deed with reference to paying said cash and executing said notes, and all other provisions of same, that the First National Bank shall pay over said five hundred dollars to said G. C. Glass, and same shall be forfeited to him as a penalty for failure on C. H. Wright's part in complying with the said provisions of said deed as aforesaid, and it shall become his money. Said abstract to be sent to Newman Phillips for examination. It is specially agreed and understood that the said C. H. Wright is to assume the contract between G. C. Glass and Tom Belcher, with reference to the lease on said land, and said lease contract is hereby transferred to said C. H. Wright."

Appellee in ample time forwarded an abstract to Newman Phillips, an attorney. The abstract contained a full extract of the records of the county pertaining to the land. The abstract exhibited of the records showed certain uncanceled vendor's liens and as well a missing conveyance to one of the grantees in the chain of title. The attorney named gave a legal opinion that the abstract exhibited did not show a perfect chain of title to the present intended vendor, and declined to approve the title to the land as shown by the abstract. Appellee, for the purpose of curing and removing objections to the title, sent additional documents, consisting in part of affidavits of his use, occupation, and possession of the premises for a number of years, for the purpose of showing that he had acquired title by adverse possession. Mr. Phillips, in his further legal opinion, with the additional documents added, did not approve the title as a complete record legal title, and did not pass a legal opinion on the title in respect to adverse possession. It is not contended by appellee that he exhibited in the abstract an unbroken chain of transfers, but that through all the deeds he had in connection with adverse possession a limitation title complete. It was shown that the courthouse of Titus county, together with all the public records, were destroyed by fire on September 20, 1895, which fact was known to both parties at the time of the contract. It was admitted, though, that prior to the burning of the records G. F. Conley had made a full abstract from the records of this land, and that it was in existence; and this old abstract, brought down to date, was the abstract exhibited. The fact that there was an old abstract to date of the fire was known and understood by the parties at the date of the contract.

J. A. Ward, of Mt. Pleasant, and Newman Phillips, of Cooper, for appellant. J. M. Burford and T. C. Hutchings, both of Mt. Pleasant, for appellees.

LEVY, J. (after stating the facts as above). It is the contention of appellant, by proper assignment of error, that he was not bound under the contract to consummate the purchase unless the vendor had a good record title to convey to him, and therefore, under the facts, he was discharged of the agreement. It is the contention of the appellee that the contract does not stipulate for a good record title, and that he had a right to show that he had acquired title by adverse possession. A construction of the contract is therefore decisive of the case, in view of the admitted fact of limitation title only in the vendor. According to the language of the contract, the vendor agreed "to deliver an abstract to the land," which was "to be sent to Newman Phillips for examination" at a time "not later than January 1, 1914." The purchaser was to pay over the purchase price at the date of January 1, 1914, "on delivery to him by G. C. Glass of said deed duly executed and said abstract." The rights of the parties should be determined by the practical meaning ascribed by them to the language employed by their contract. Contracting, as the parties did, for an abstract of the title to the land, and that it should be sent to an attorney of the purchaser for examination, comprehends the purpose of the parties that the abstract exhibited should be subject to reasonable examination and approval by the purchaser. A provision that the abstract should be first sent to an attorney "for examination" would be meaningless unless construed as words intended to be appropriate to a condition that if after reasonable examination by the attorney the abstract exhibited failed to show a good title in the vendor, the purchaser was not then bound to consummate the purchase and should not forfeit his earnest money. There would be no necessity for an "abstract to the land" unless it was for the purpose of exhibiting a record title. As ordinarily used and understood "an abstract" is simply a compilation in abridged form of the record of the title. In this meaning of the term, as commonly understood, such construction of the contract should be adopted as would require an abstract showing a good record title. Anything less than this would not satisfy the term and carry out the implied intention of the parties. The terms used by the parties exclude, it is thought, any expectation on the part of the purchaser that there would be offered to him a title by limitation, depending, as it does, upon facts outside of and independent of the records. In the absence of adjudication in some way, a title by limitation is not settled.

Had the abstract as exhibited been subject only to the objection that it was not free from incumbrance or cloud, it may have been, as contended by appellee, that he had within the meaning of the contract tendered a marketable title. And appellee might have a title by limitation such as would constitute a good title in law, but the terms of the contract here do not include or contemplate such

character of title. The decision here is upon the latter ground.

As the construction here given the contract should have been given it by the trial court, the judgment is reversed and here rendered in favor of appellant, with all costs.