WAKELAND v. ROBERTSON. (No. 9229.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 28, 1920.)

1. VENDOR AND PURCHASER ⬅131—CONTRACT FOR "GOOD TITLE" NOT COMPLIED WITH BY SHOWING TITLE BY LIMITATIONS.

A contract for an abstract showing "good title" is not complied with by showing a title by limitations.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Title.]

2. VENDOR AND PURCHASER ⬅144(1)—AGREEMENT TO MAKE TITLE GOOD NOT COMPLIED WITH BY OFFERING TO PAY COSTS OF SUIT.

Where contract for sale of land provided that, if the title was not good as shown by the abstract, the vendor would proceed with due diligence to have the same made good, there was no compliance with the agreement, where the vendor merely offered to allow the vendee the estimated cost of a suit to remove a cloud from the title.

3. TRIAL ⬅143—COURT ERRED IN TAKING ISSUE FROM JURY WHERE EVIDENCE WAS CONFLICTING.

It was error for the court to take from the jury an issue upon which the evidence was in conflict.

4. EVIDENCE ⬅506—OPINION OF ATTORNEY THAT ABSTRACT SHOWED GOOD TITLE INADMISSIBLE.

An opinion of an attorney that an abstract of title showed a good title was not competent evidence; the question of whether an abstract shows a good title being one of law, to be determined by the court.

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Suit by E. W. Robertson against W. M. Wakeland. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

J. M. Moore and S. C. Padelford, both of Cleburne, for appellant.

Warren & Russell, of Cleburne, for appellee.

CONNER, C. J. This suit was instituted by appellee, Robertson, against the appellant, Wakeland, to recover the sum of $1,000, stipulated as liquidated damages for the alleged violation of a certain written contract, by the terms of which appellant agreed to buy, and Robertson agreed to sell, a specified tract of land in Johnson county. Among other things, the contract contained the following provisions:

"(3) E. W. Robertson agrees to furnish Wakeland an abstract of title to said land, showing good title thereto, free from incumbrances except said $1,200.00 and mineral lease. If the title is not good Robertson agrees to proceed with due diligence to have the same made good.

"(4) This trade shall be closed as soon as the papers can be prepared and examined and possession shall be given by December 1, 1918."

Appellant defended upon the ground that appellee had failed to furnish an abstract to said land, showing good title thereto, as provided in section 3 of the contract above quoted.

The issue was submitted to a jury, but, they having reported that they could not agree, the court gave a peremptory instruction in appellee's favor, and this appeal is from a judgment following the verdict.

[1] We are of the opinion that the court erred as assigned in giving the instruction mentioned. Appellee, it is true, furnished an abstract of title to the land mentioned in the contract, but it is undisputed that it contained no written transfer or conveyance out of the original grantee. Appellee attempted to supply the place of this undisputed hiatus in the title by showing a title under the ten-year statute of limitation. It seems too well settled for discussion that a contract for an abstract showing "good title" is not complied with by showing a title by limitation. See Wright v. Glass, 174 S. W. 717; McLaughlin v. Brown, 126 S. W. 292; Nicholson v. Leiber, 153 S. W. 641; Moser v. Tucker, 195 S. W. 259; Greer v. International Stockyards Co., 43 Tex. Civ. App. 370, 96 S. W. 79; Bowles v. Umberson, 101 S. W. 842; Kling v. Greef Realty Co., 166 Mo. App. 190, 148 S. W. 203.

[2, 3] It is to be further noted that the contract provided that, if the title was not good as shown by the abstract, Robertson agreed to proceed with due diligence to have the same made good. There is no pretense that in the case before us Robertson, by the institution of a suit or otherwise, ever attempted to cure the defect in the title already noted. The offer to allow appellant $75, the estimated cost of a suit, to remove the cloud from the title, was not a compliance with the contract. By its terms, the actual cost and all hazards of such a suit was assumed by appellee. It is contended, however, in appellee's pleadings, and possibly supported by his testimony, that he offered to prosecute

(219 S.W.)

such a suit, and that appellant refused to permit such action, and arbitrarily refused to proceed further with the purchase. But appellant, with at least equal emphasis and force, denied this both in his pleadings and in his evidence. It was improper, therefore, to take the issue away from the jury by a peremptory instruction.

[4] In view of the reversal of the judgment, which logically follows the conclusions above noted, we will add that testimony in behalf of appellee, such as that of the attorney who examined the abstract of title that, in his opinion, the abstract showed a good title, and testimony of other witnesses, establishing the length of time the premises had been adversely occupied, was incompetent. The question of whether the abstract showéd a good title was one of law to be determined by the court, and not for the jury's determination from the evidence. See cases hereinbefore cited.

We conclude that the judgment must be reversed, and the cause remanded.

⬡⟸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes