## CRENSHAW v. TRUE et al.   (No. 7782.)

Court of Civil Appeals of Texas. San Antonio. May 18, 1927.

**1. Vendor and purchaser ⬅️331—In action on land sale contract, court had duty to decide whether abstract showed good title.**

In vendor's action to recover liquidated damages for breach of land sale contract requiring abstract showing good and sufficient title in vendor, court had duty to pass on question whether abstract showed good and sufficient title.

**2. Vendor and purchaser ⬅️140—Contract requiring abstract showing good title held not satisfied by abstract not showing record title, but aided by affidavits establishing limitation title (Rev. St. 1925, art. 5513).**

Land sale contract requiring vendor to furnish abstract showing good title and providing that if title shown thereby was good vendor would execute and deliver good and sufficient deed with general warranty of title, called for abstract showing good record title, and abstract not showing complete record title, though aided by affidavits establishing limitation title, was not sufficient regardless of Rev. St. 1925, art. 5513, making limitation title full title precluding all claims.

**3. Vendor and purchaser ⬅️144(1)—Land sale contract reserving right to perfect title if time is not of essence may be complied with by clearing title by suit.**

Under land sale contract providing that vendor reserves right to perfect title on objections that may be cured if time is not of essence, such contract may be complied with by clearing up title by suit, in which case judgment of court completes record.

Appeal from Nueces County Court; Jesse Wright, Judge.

Action by E. H. Crenshaw, Jr., against C. S. True and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Gus L. Kowalski, of Kingsville, for appellant.

Boone & Savage, of Corpus Christi, for appellees.

COBBS, J. Appellant sued C. S. True, J. A. True, and C. W. True and Robert J. Kleberg & Co., bankers, to recover $500, liquidated damages for breach of a written contract for the sale of land. Appellant dismissed from the suit the defendants composing the firm of Robert J. Kleberg & Co. and prosecuted the suit against the appellees.

The contract sued upon provided for the sale of land in Kleberg county for the sum of $50 per acre; $2,000 to be paid upon final closing of the deal and four notes for a like principal sum, payable one, two, three, and four years after date of the deed, with 8 per cent, interest, containing maturity clause and attorney's fees. The contract among other things provided:

"Party of the first part shall furnish to second parties a full true and complete abstract of the title to said land, and will permit said abstract to be examined by attorney for second parties. If the title as shown by said abstract is good, party of the first part will execute and tender to parties of the second part a good and sufficient deed to said land, with general warranty of title. If objections are found to said title, parties of the second part shall submit to party of the first part a statement in writing of said objections within twenty (20) days from date of this contract, and if said objections are of such nature that they can be cured within thirty (30) days, then party of the first part shall cause to be cured all valid objections to the title named in said statement; and if said objections are not cured within said time, parties of the second part shall have the right to declare this contract null and void and shall thereupon be entitled to a return of all moneys paid on account hereof to party of the first part.

"As an evidence of good faith and in earnest of this contract, parties of the second part have this day deposited with Robert J. Kleberg & Co., of Kingsville, Texas, the sum of five hundred ($500.00) dollars; it being agreed that if this deal is consummated, said sum shall be applied upon the total purchase price; if party of the first part fails to show a good and sufficient title and fails to make good and sufficient deed, said sum shall be returned to parties of the second part. If party of the first part shows good and sufficient title, as above specified, and tenders good and sufficient deed, and parties of the second part fail to accept said deed and pay or cause to be paid the balance of the purchase price, then said sum shall be forfeited to party of the first party, not as a penalty, but as and for liquidated damages for breach of this agreement."

Appropriate answer was filed, and the case went to trial before a jury, and after hearing the evidence the court on the motion of the appellees gave a peremptory instruction instructing the jury to return a verdict for appellees, which was accordingly done, and the court entered a judgment in accordance therewith.

There is no assignment made or proposition presented complaining of the action of the court, as an error in law fundamental or

otherwise, in directing the jury to return a verdict. Had any complaint been properly made and urged on that subject, we would have been required to examine the entire record for fundamental error.

[1] We have, however, carefully examined the record and considered all the propositions of the appellant, and we find no error committed by the court because the record fails to show that an abstract was presented as the contract provides. It was the duty of the court to pass upon the question as to whether or not the abstract showed a good and sufficient title. Moser v. Tucker (Tex. Civ. App.) 195 S. W. 259; Brackenridge v. Claridge, 91 Tex. 527, 44 S. W. 821 43 L. R. A. 593.

[2] The abstract furnished to be examined by appellees' attorneys did not, in his opinion, show a good title. The objections made to it by appellees' attorney were in writing furnished within 20 days of the date of the contract. Appellant had 30 days after that date to cure the same. The abstract was never completed so as to show record title, but the appellant secured affidavits to establish a limitation title from parties; which affidavits were placed upon the records of the county clerk's office, but which appellees declined to accept as coming within the terms of the contract.

Appellant contends that a title by limitation is a merchantable title. Men have the right to contract for a particular kind of title, if they wish it, and it will not do to say that a title by limitation not reduced to judgment will answer, because such a title is based upon proof to be made of facts outside of the record and by parol. Such a limitation title it is true is made by the statute, article 5513, Rev. St. 1925, a "full title, precluding all claims," but it is one that requires proof to establish.

We construe the contract as requiring an abstract that shows a good title of record. The mere placing of the limitation affidavits on record would have no more force and effect than the unrecorded affidavits, which, while persuasive, are ex parte statements, are yet inadmissible as hearsay, and could not be used in a trial in a contest in the court as evidence of the facts recited. The case of Blomstrom v. Wells (Tex. Civ. App.) 239 S. W. 227, settled all such kindred questions as are now under discussion here, relating to the effect of a limitation title when presented as a compliance with the terms of a contract to supply a "marketable title" where it had to be supported outside of the record by parol testimony difficult to assemble.

[3] While it is not necessary to say here, but a contract that provides in cases where the seller reserves the right to perfect the title in cases where objections are made that may be cured and time is not the essence of the contract, such a contract may be complied with by clearing up the title by suit, in which case the judgment of the court would complete the record.

What is meant in the contract by the language, "if the title as shown by said abstract is good party of the first part will execute and tender to parties of the second part a good and sufficient deed to said land with general warranty of title," if not to secure a good and perfect title? This is the language of a prudent and careful person, who not only wanted his abstract to show a good record title, but wanted that title warranted too.

The words good and sufficient title are repeated several times in the contract, and we do not think such a limitation title as tendered meets the terms and spirit of appellees' demand. Greer v. International Stockyards, 43 Tex. Civ. App. 370, 96 S. W. 82 (opinion by Justice Neill of this court); Cline v. Booty (Tex. Civ. App.) 175 S. W. 1081 (opinion by Chief Justice Fly).

Finding no error in the ruling of the court upon any assignment or proposition urged which we have separately considered, the judgment is affirmed.