**VOGES v. KREZDORN.**

No. 10498.

Court of Civil Appeals of Texas.
San Antonio.

April 12, 1939.

Rehearing Denied May 10, 1939.

Alvin P. Mueller, of Seguin, for appellant.

R. A. Weinert, of Seguin, for appellee.

SMITH, Chief Justice.

Appellant brought this action, in the nature of a suit for specific performance of an executory contract, upon the following written agreement:

"I, the undersigned H. D. Voges, Seguin, Texas, agree to sell to H. A. Krezdorn of Seguin, Texas, a lot in West Sequin located on south side of West Court Street adjoining the Colored Lodge Hall and measuring about 85′ x 220′ deep for the sum of Seven hundred and fifty Dollars ($750.00) to be paid in cash by buyer upon tender by seller of good and proper deed with opinion by reputed lawyer as to validity of title and a statement, that all taxes on this property including 1936 taxes have been paid or are to be paid by seller. 1937 taxes are to be paid by purchaser.

"This deal to be closed within 10 days from date."

The contract was signed by Voges and the agent for Krezdorn.

Within the ten days a deed was tendered by appellant and his wife to appellee, which purported to convey a lot described by metes and bounds as 74½ feet by 222 feet, as described in prior conveyances in their chain of title. The deed further recited that it was intended to convey "the whole of (their) lot as same is fenced on. the ground." Both the habendum and warranty clauses in the deed ran in favor of

the grantor, naming him, his heirs and assigns, instead of the grantee, his heirs and assigns.

 Krezdorn refused to accept the deed, asserting that it did not convey as much land as that stipulated in the contract. On the trial the jury found in response to the only issue submitted to them, that the "title opinion" was delivered to Krezdorn within the proper time. There were no findings on the issue of whether appellant did, or offered to do, anything within the ten-day period to furnish a better deed. The burden was on appellant to elicit such essential findings.

Upon the trial appellants offered orally to make another deed, but that offer, to be effective, should have been, but was not, made within the ten-day period stipulated in the contract.

Under the case so made the question below was, as it is here, whether the tendered deed constituted such performance upon appellant's part as would support his suit to require appellee to specifically perform his obligation to accept the deed and pay the stipulated consideration therefor. We conclude the deed was not sufficient. 43 Tex.Jur. pp. 194, et seq.; Taylor v. Kaufman, Tex.Civ.App., 267 S.W. 526.

In the first place the instrument purported to convey a tract only 74½ feet in width, whereas, the contract called for a tract 85 feet in width. In a city lot such as this a difference of eleven feet in width may vitally affect the value of the lot for the purpose for which it was intended to be used. In fact, appellee testified that a 74½ foot lot would have been worthless to him for his purpose.

Appellant offered evidence to show that the lot intended to be conveyed was in fact 89 x 222 feet in size, "as fenced on the ground." But that fact, if established upon the trial, would not have excused appellant for his failure to furnish appellee, within a stipulated period, a "good and proper deed" to an 85-foot lot. The deed was to be tested by its own terms and purport, to be taken or left, within ten days' time, according to whether it was, or was not, a "good and proper deed," as stipulated in the agreement. It did not meet that test.

Had testimony been admissible or given effect, to show the lot intended to be conveyed was in fact larger than that purported to be conveyed by the deed tendered, yet it appeared from the same testimony that the title to the excess was by limitation only. Even if this evidence could be resorted to in determining the issues of specific performance, it would still be ineffectual here, for limitation title would not fulfill the requirement of "good and proper" deed. 43 Tex.Jur. pp. 150, et seq.; Crenshaw v. True, Tex.Civ.App., 295 S.W. 632; Owens v. Jackson, Tex. Civ.App., 35 S.W.2d 186; Rabinowitz v. Realty Co., Tex.Civ.App., 270 S.W. 579; Clark v. Asbury, Tex.Civ.App., 134 S.W. 286; Wakeland v. Robertson, Tex.Civ. App., 219 S.W. 842.

It is unnecessary to determine the effect of the obvious defect in the tendered conveyance wherein it purported to both convey and warrant title to appellants, the grantors, whereas, a "good and proper deed" would convey and warrant title to appellee, the grantee.

No reversible error is shown in the record, and the judgment is affirmed.