**OLD NAT. LIFE INS. CO. et al. v. BIBBS.**

**No. 9463.**

Court of Civil Appeals of Texas. Austin.

Nov. 22, 1944.

Rehearing Denied Dec. 13, 1944.

314

See also 175 S.W.2d 304.

Cole, Patterson, Cole & McDaniel, of Houston, and Moss & Moss, of LaGrange, for appellants.

C. C. Jopling, of LaGrange, and Hollis Massey, of Columbus, for appellee.

BLAIR, Justice.

Appellee, Naomi Bibbs, sued appellants, Old National Life Insurance Company and B. B. Kirkpatrick, for damages resulting from misrepresentations of title inducing her to purchase and pay $500 for a .92-acre tract of land in Schulenburg, Texas, which land she later lost at the suit of the true owners. The misrepresentations alleged were: (1) That a mutual insurance company, predecessor of appellant Company, had good title to the land; (2) that if the title to the land should fail, appellants would return the purchase price, which promise they made without intention to perform it; and (3) that in effect appellants agreed to convey the land by general warranty deed, without any intention of doing so, but conveyed it by special warranty deed; and that appellee would not have purchased and paid for the land but for such misrepresentations and promises, which she believed and relied upon. Appellants answered that they represented that the Mutual Company owned the fee simple title to the land; that it did so own it, and by written contract agreed to and did convey such title to appellee by a special warranty deed; and that appellants agreed to defend any suit filed against appellee for the land, which they did; that they were not parties to the suit against appellee, and were not bound by the judgment against appellee for the land; and denied all other allegations of appellee's petition. By supplemental petition appellee answered that she notified appellants of the suit against her; that they employed counsel to defend the suit through all courts until a writ of error was denied by the Supreme Court, which finally adjudged title against her; and that appellants were concluded by said judgment. She also sued for certain items of expense paid in the defense of the suit, and for certain taxes paid by her on the property.

The trial to the court without a jury resulted in judgment for appellee for $675.-40, from which appellants prosecute this appeal.

Appellant Kirkpatrick was president of the Modern Mutual Health & Accident Insurance Company, the grantor in the deed conveying the property to appellee. Appellant Old National Life Insurance Com-

pany is the successor to said Mutual Company by charter amendment changing its name, and Kirkpatrick is its president. Kirkpatrick represented the Mutual Company, transferer, as president in selling the property to appellee, claiming title thereto through mesne conveyances from the District Grand Order No. 25, United Order of Odd-Fellows for Colored People. He met with appellee and several others, including J. W. Rice, Endowment Secretary of the Grand United Order of Odd Fellows, and several members of the Schulenburg local lodge at the home of T. H. Bryant in Schulenburg. In the discussion looking to the sale of the property to appellee, the members of the local lodge questioned the right of the Mutual Company to sell the property, claiming that the local lodge owned it. Kirkpatrick testified that he told appellee that the Mutual Company owned the fee simple title to the property, and that he would give her a good deed or title thereto, and would defend any suit against her for the property, paying all expenses so incurred in all courts to the Supreme Court; and that they had fulfilled that agreement. Appellee and several witnesses present at the time testified that Kirkpatrick also agreed to return the money paid for the land if title thereto should fail. These negotiations led to the contract to sell the land to appellee for $500, which was a receipt for the money paid, on which it was stipulated that appellants would within 10 days convey the land to appellee by special warranty deed; which was done. The contract stipulated that appellee was to pay the back taxes, and at the time appellants gave her back $25 of the purchase price to pay such taxes; which she did, paying $27.22 back taxes on the property. That appellee lost the property at the suit of the local Schulenburg Odd Fellow Lodge is not disputed; and appellants admit that they appeared and defended that suit to final judgment.

Appellants' points 1 and 2 are not sustained, that the judgment for appellee is erroneous because no fraud was alleged or proved with respect to the written contract providing for the conveyance of the land by special warranty deed, and that in consequence the evidence that appellants agreed to give appellee a good deed or title was not admissible to vary the terms of the written contract. Appellee's petition alleged and appellants' answer admitted that Kirkpatrick told appellee that the Mutual Company had a good or a fee simple title, and that appellants would execute a good deed conveying that title to appellee; and that appellants would defend any suit filed against appellee for the land, paying all the expenses so incurred. Nothing was said in the negotiations leading up to the contract as to what character of deed would be executed to convey the represented fee simple title of appellants. The scrivener of the contract, J. W. Rice, testified that no one told him to provide therein that the property would be conveyed by special warranty deed, but that he placed the provision in the contract under his interpretation of what the parties had agreed to in the negotiations preliminary to the execution of the contract. He testified that he did not know the legal difference between a special warranty deed and a general warranty deed. Appellee testified that she did not know such difference, and that she believed the representations that the Mutual Company had a good title to the land and would convey it to her by a good deed; and that in executing the contract and accepting the special warranty deed she believed and relied upon such representations. The witnesses who attested the contract each testified that nothing was said about the character of the deed, except that Kirkpatrick would give appellee a good deed conveying the land, which was represented at the time by Kirkpatrick to be owned by the Mutual Company; and by their answer herein appellants allege that they owned the land in fee simple. The evidence is undisputed that appellee lost the land at the suit of the true owner, the local Schulenburg Lodge, which suit appellants defended through all courts, as they agreed to do, paying all expenses except certain small items sued for herein by appellee as a part of her damages in the premises. Appellee and each witness, except Kirkpatrick and Rice, testified that appellants agreed to refund the purchase price paid if the title to the land failed. The foregoing facts bring the instant case within the rule announced in the early case of Rhode v. Alley, 27 Tex. 443, 444, and the earlier cases therein cited, as follows:

"It cannot be questioned that it is competent for a purchaser of land, who has received a deed with special warranty, to show that a fraud has been practised upon him in respect to the title. If a vendor of land has a perfect title in himself,

his vendee may well be content to accept from him a deed with special warranty, because such a deed would, in that case, vest an unimpeachable title in the vendee. Ordinarily when a vendee accepts a quitclaim deed, or a deed with special warranty, the presumption of law is that he acts upon his own judgment and knowledge of the title, and he will not be heard to complain that he has not acquired a perfect title. But when, in the negotiations preliminary to the execution of the contract, the purchaser stipulates for a perfect title, and is afterwards induced by the false or fraudulent representations of the vendor, to accept a quitclaim deed, or a deed with special warranty, in the belief that he is acquiring a perfect title and one free from litigation at the time, he will be permitted to show that he was deceived in respect to the title, and may be relieved against such a contract. Mitchell v. Zimmerman, 4 Tex. 75 [51 Am.Dec. 717]; York's Adm'r v. Gregg's Adm'x, 9 Tex. 85; Hays v. Bonner, 14 Tex. 629."

■ The foregoing facts also bring the instant case within the settled rule that it is fraud to sell land which the seller does not own, but represents to the purchaser that he does own, where the purchaser believes and relies upon such representations. This is true even though the seller may have believed he owned the land, and even though the purchaser could have by inquiry informed himself as to want of title in the seller. This rule is stated in the case of Buchanan v. Burnett, 102 Tex. 492, 119 S.W. 1141, 1142, 132 Am.St.Rep. 900 as follows:

"The fact that Buchanan believed that he had a good title to the land when he sold it and when he made the deed to Burnett was unimportant, if in fact Burnett believed the representations to be true and relied upon them, making the purchase upon the faith of the statements made by Buchanan. Mitchell v. Zimmerman, 4 Tex. [75] 81, 51 Am.Dec. 717.

"It is also urged that Burnett had in his possession an abstract of title which showed the defect in Buchanan's title, and that it was his duty to inform himself of the title, as he had the means of so doing. Burnett was under no duty to his vendor to investigate the truth or falsity of statements and representations made to him in connection with the title. Labbe v. Corbett, 69 Tex. [503] 509, 6 S.W. 808. In the case cited the court lays down the rule in the

following quotation from another authority: 'When once it is established that there has been any fraudulent misrepresentation, * * * by which a person has been induced to enter into a contract, it is no answer to his claim to be relieved from it to tell him that he might have known the truth by further inquiry. He has a right to retort upon his objector: "You, at least, who have stated what is untrue * * * for the purpose of drawing me into a contract, cannot accuse me of want of caution, because I relied implicitly upon your fairness and honesty."'"

■ Our foregoing conclusions render unnecessary a lengthy discussion of point 3, to the effect that appellants had fully complied with the terms of the contract to convey the land to appellee by special warranty deed. As hereinabove held, that contract was induced by fraud, the true contract being to convey appellee a good or fee simple title, which they did not do, and the title of appellee failed at the suit of the true owner. If it is appellants' contention that since they were not parties to the suit by which appellee lost the land, and are therefore not bound by the judgment, such contention is without merit. Appellants agreed to defend any suit filed against appellee for the land, to pay the expenses so incurred, and to refund the purchase price paid for the land, if title to her should fail. The effect of this agreement was to warrant the title to the land. The rule is settled that a warrantor of title to any property is bound by a judgment rendered against his warrantee, if notified of and requested to defend the suit. 26 Tex.Jur. 276. Appellants were notified of the suit against appellee, and under their contract to do so defended the suit through all the courts, and finally lost the title by final judgment. This judgment is conclusive against appellants in this suit for damages resulting from the fraud inducing appellee to purchase the land, pay the purchase price, taxes and expenses of litigation over the title. Garrett v. Gaines, 6 Tex. 435; Sachse v. Loeb, 45 Tex.Civ. App. 536, 101 S.W. 450; and Clark v. Mumford, 62 Tex. 531, at page 533, wherein the court quoted with approval from the authorities cited, as follows:

"In Abbott's Trial Evidence, page 519, it is said: 'If the covenantor was not a party on the record in the evicting judgment, the judgment will still be conclusive on him if distinct and unequivocal notice

was given him expressly requiring him to appear and defend the adverse suit, and giving him reasonable opportunity to do so.'

"Chief Justice Dixon delivering the opinion of the court in Somers v. Schmidt, 24 Wis. [417], 419 [1 Am.Rep. 191], said: 'The warrantor being notified of the suit, and having the defense tendered to him so far as it may be necessary for him to establish his title, if he had one, becomes a quasi party to the suit, has his day in court, and ought to be concluded by the judgment. But without such notice and request to defend, he has no such opportunity and ought not to be estopped.'" Butler v. Continental Oil Co., Tex.Civ.App., 183 S.W.2d 843; Rule 38, Texas Rules of Civil Procedure.

By alternative point 4 appellants contend that the cause should be reversed and remanded because the trial court erred in the calculation of the amount of the judgment. The judgment does not show the basis upon which the amount was calculated. It is appellants' contention that the date of payment of the $475 purchase price was the only date of payment of any item shown (September 8, 1939), and that interest could be allowed only on that item, which at 6% per annum to the date of judgment would be $131.62, and which added to the other items proved, without interest, made a total of $659.58. The dates of payment of each item were sufficiently shown to furnish the basis for the calculation of interest thereon to the date of the judgment on April 20, 1944. The evidence showed that the $475 purchase price was paid on September 8, 1939; that the $27.-22 for back taxes was paid about September 23, 1939; that the three items of expense, $7, $9, and $4, aggregating $20, incurred in the defense of the suit, were paid on the date of the trial and judgment, on July 31, 1941; and since no penalty was paid on the taxes for 1940 and 1941, it will be assumed that these were paid respectively on January 31, 1941, and January 31, 1942, the last date on which they could be paid without penalty. Interest calculated at 6% on these foregoing items from said dates aggregates $144.65, which added to the $531.96, the sum total of the items, is the sum of $675.61. The judgment is for $675.40, and is affirmed.

In the suit against appellee for title to the land, judgment was also recovered for $750, as damages to the proper-ty while in her possession. She sued appellants herein to recover that amount. She had not paid the judgment and the court denied her a recovery. She gave notice of an appeal, but did not perfect it, and the assignments of error thereon need not be discussed.

The judgment of the trial court is affirmed.

Affirmed.