### CROSS v. THOMAS et ux.

No. 15459.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 18, 1953.

Rehearing Denied Feb. 19, 1954.

Hyder & Honts and Elton M. Hyder, all of Fort Worth, for appellant.

Garrett Middlebrook, of Fort Worth, for appellees.

BOYD, Justice.

On March 11, 1947, appellees, D. W. Thomas and wife, executed a·general warranty deed to appellant Floyd M. Cross to Lots 1, 2, 3, 4, 5, 6, 7, 8 and 9, in Block 9, Interurban Addition, Third Filing, to the City of Fort Worth, and also a strip of land adjoining and lying east of Lots 5 and 6.

Appellant filed this suit for damages, alleging that D. W. Thomas represented to him that he had good and marketable title to all of said property when, in fact, he did not have good title to any of it except to Lots 4, 5, 6 and 7. Appellant further alleged that he was damaged in the sum of $1,400 on account of the failure of title.

Appellees answered denying that Thomas represented to appellant that he had good and marketable title to all of the property, and alleged that he represented only that he had a quitclaim deed to the property in dispute, and that he had held the same adversely since March 14, 1945.

The jury found that D. W. Thomas represented to appellant that he had good and marketable title to all the property described in his deed; that appellant relied upon such statements, but to the issue as to whether such representation was false and fraudu-

lent, the jury answered "No." The jury found that the value of the property, the title to which was in question, was $2,019.85.

Since the delivery of appellees' deed to appellant, appellant acquired deeds from other claimants of the property the title to which was in dispute, and paid therefor $2,550. The court rendered judgment for appellees. Appellant filed a motion for judgment, asking the court to disregard the answer of the jury that the representations made by D. W. Thomas were not false and fraudulent, and his contention here is that since the jury found that Thomas represented that he had good and marketable title and that appellant relied upon such representations, it is immaterial that Thomas believed he had good and marketable title, and that the jury's answers constitute a finding of legal fraud.

We have reached the conclusion that the judgment of the trial court must be affirmed.

Appellant testified that Thomas told him he had good title to the property, but he also testified that Thomas showed him his deed from the Cobb heirs, which "called for all their interest in that property," and Thomas said he knew the deed gave him a good title to all of it; that he, appellant, thought he was familiar with the title, in a general sense, at the time of the transaction; that the deed to Thomas contained this provision, "It is our intention hereby to convey all our right, title and interest in and to all land now owned by us or in which we have any interest situated in said Interurban Addition, Third Filing, an Addition to the City of Fort Worth, Tarrant County, Texas, whether specifically mentioned herein or not;" he further testified, "A. Yes, sir, he showed me that provision in there, and at the same time, told me that he was a pretty good abstract man, himself, and that he knew that he had a good title to it.

"Q. You knew that the land which you are basing this suit upon, by lot and block number was not described in that Cobb deed to Mr. Thomas, didn't you? A. No, sir, I didn't know anything about the deed. All I knew was that particular stipulation, which he showed in there, because I don't know too much about deeds, no way.

"Q. Well, you read that deed, did you not? A. Not all of it, no; I just read that part in there, which satisfied me.

"Q. * * * Now, you read that clause or Mr. Thomas read it to you, didn't he? A. Yes, and he told me that that's the reason he knew that he had a good title to it.

"Q. But didn't that clause indicate to you that there was some question about the title? A. Well, it may sound funny, but to me, it did not."

■ That legal and actionable fraud may be shown when a buyer relies upon the seller's incorrect representation that he has good title, when made as a statement of fact, regardless of whether the representation is made with the intent to deceive, is a proposition of undoubted authority. Campbell v. Jones, Tex.Civ.App., 230 S.W. 710; Halff Co. v. Jones, Tex.Civ.App., 169 S.W. 906; Old Nat. Life Ins. Co. v. Bibbs, Tex.Civ. App., 184 S.W.2d 313; Poindexter v. Davis, Tex.Com.App., 27 S.W.2d 139; Buchanan v. Burnett, 102 Tex. 492, 119 S.W. 1141, 132 Am.St.Rep. 900; Wilson v. Jones, Tex. Com.App., 45 S.W.2d 572. But we think that the instant case is controlled by such authorities as Corbett v. McGregor, 62 Tex. Civ.App., 354, 131 S.W. 422, writ refused, and Hawkins v. Wells, 17 Tex.Civ.App., 360, 43 S.W. 816, writ refused. We do not understand that these cases have been overruled by, or that a contrary doctrine was announced in, the cases above cited and relied upon by appellant. In the Corbett case it was held that the mere expression by the vendor of an opinion as to the title to land, without a fraudulent statement or concealment of some material fact, is not a representation upon which the purchaser can avoid the contract if found to be incorrect. In the Hawkins case it was said that where a vendee was possessed of all the information as to title that was possessed by the vendor, and expressed himself as satisfied therewith, he cannot have relief for failure of title, although he may have relied on the vendor's representations. And in Buchanan

v. Burnett, supra, the intimation is clear that if the seller's representation had amounted only to an expression of opinion as to the legal effect of known facts and muniments of title, the seller would not be responsible. In the instant case appellant was shown all the evidence of title that Thomas had, and he was as much entitled to use his own judgment as he was to rely upon the judgment of Thomas.

"Mere expression of opinion as to the sufficiency of the title, when the means of information are equally accessible to both parties, and when no confidential relations exist between them, do not constitute fraud on the part of the vendor. A purchaser has no right to rely on the statement of the vendor that his title is good, where all the facts are laid before him, for this is no more than the statement of an opinion. To constitute fraud the vendor must falsely state, or fraudulently conceal, some fact material to the title." Maupin, Marketable Title to Real Estate, p. 264, sec. 106.

We believe that appellant cannot recover since it is not shown that Thomas concealed any fact material to the title, but it is shown merely that he expressed an opinion on facts made known to appellant. Little v. Allen, 56 Tex. 133; Corbett v. McGregor, supra; Farrar v. Churchill, 135 U.S. 609, 10 S.Ct. 771, 34 L.Ed. 246; Clark v. Reeder, 158 U.S. 505, 15 S.Ct. 849, 39 L. Ed. 1070; 33 A.L.R. Annotations p. 853.

The court rendered judgment for appellees after reciting that "such additional considerations and findings as were authorized by law having been had and made." Although not set out in the order, additional findings, where the issues are raised by the evidence and not waived, will be presumed to have been made in such manner as will support the judgment. Rule 279, T.R.C.P.

Believing that error is not shown, the judgment is affirmed.

## On Motion for Rehearing

Appellant asks that we consider point two in his brief, which is that he was entitled to recover for a breach of warranty, if not damages for misrepresentation of title. We did consider the point, but did not write on it further than to. say that all issues raised and not submitted and not waived are presumed to have been found by the trial court in such manner as will support the judgment. No issue was submitted or requested on that ground of recovery.

We do not think that appellant could recover for breach of warranty in the absence of evidence and findings that he was ejected from the premises, actually or constructively, by a holder of a title superior to his own. Rancho Bonito Land & Live-Stock Co. v. North, 92 Tex. 72, 45 S. W. 994; Schneider v. Lipscomb County Nat. Farm Loan Ass'n, 146 Tex. 66, 202 S.W.2d 832, 172 A.L.R. 1. A reputable lawyer testified that his examination of an abstract of title to the property in dispute disclosed that the record title was in the parties from whom appellant later acquired deeds. There was no other evidence as to their title. We believe that whether an abstract shows title in a particular person is a question of law and not of fact. Brackenridge v. Claridge, 91 Tex. 527, 44 S.W. 819, 43 L.R.A. 593; Moser v. Tucker, Tex. Civ.App., 195 S.W. 259; Bourland v. Huffhines, Tex.Civ.App., 269 S.W. 184; Wakeland v. Robertson, Tex.Civ.App., 219 S.W. 842; Crenshaw v. True, Tex.Civ.App., 295 S.W. 632. Furthermore, we find in the record no evidence that anybody ever asserted superior title to the property in such manner as would constitute a constructive eviction of appellant. All that is shown is that when appellant was convinced that others held superior title, he offered to and did pay them for deeds conveying their supposed title to himself. This has been held not to amount to constructive disseisin. 12 Tex.Jur., p. 43, sec. 27, and cases there cited. Had he waited for an assertion of adverse title, his own title might have been perfected by limitation. There is nothing in the record to indicate that he would have lost anything by waiting. If the lapse of time would have secured him against loss, the vendor is entitled to the benefit of that contingency, as well after as before the conveyance. Rancho Bonito Land & Live-

Stock Co. v. North, supra. The mere existence of a superior title in another is not a breach of warranty because that does not work an eviction of a buyer who has entered upon the land. Jones' Heirs v. Paul's Heirs, 59 Tex. 41.

Since it does not conclusively appear that there was superior title in those from whom appellant later acquired deeds, nor that there was either actual or constructive eviction, and since no such issues were submitted or requested, if it cannot be said that appellant waived the ground of recovery based upon his allegations of breach of warranty, it must be said that such issues, if raised, were found by the Court in such manner as will support the judgment. Rule 279, T.R.C.P.

The motion for rehearing is overruled.