**Sheridan C. LEWIS, Appellant,**

v.

**RIVER OAKS CAPITAL CORPORATION et al., Appellees.**

**No. 15725.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 15, 1971.

Rehearing Denied May 6, 1971.

Fred Parks, Gail Borden Tennant, Jr., Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, M. W. Parse, Jr., J. Robert Dickerson, Houston, for appellees River Oaks Bank & Trust.

James E. Lyon, John R. Cope, Houston, for appellees River Oaks Capital Corp., Bracewell & Patterson, Houston, of counsel.

BELL, Chief Justice.

This is an appeal from a summary judgment rendered against appellant whereby River Oaks Capital Corporation recovered judgment in the amount of $41,500.00 plus interest and attorney's fees. The judgment also decreed that appellant take nothing on his cross-action against that corporation and on his third-party action against River Oaks Bank and Trust Co. and its president, James E. Lyon.

The suit originated when River Oaks Capital Corporation, herein called Capital, an assignee from River Oaks Bank and Trust Company, herein called Bank, filed suit to recover the balance due on a promissory note in the original amount of $138,-000.00 given by appellant to the Bank's corporate predecessor, River Oaks State Bank. The note was dated August 29, 1962. Suit was filed July 20, 1968. A formal answer was filed. Capital filed a motion for summary judgment. Appellant, before a hearing, filed his first amended original answer, a cross-action and a third-party complaint against Bank and Lyon. He sought cancellation of the note and recovery from Bank and Lyon of $116,-669.00. This was what appellant had paid on the note. This was filed September 13, 1968. Appellant also filed a reply to the first motion for summary judgment. The first motion was overruled.

The defense asserted to Bank's suit on the note, and also the basis for affirmative relief, were alleged false representations made by Lyon. It was alleged that Lyon represented that the Bank had title to the provisional stock certificate for 312,053 shares of stock in Central Minera, S. A., a Mexican corporation, and could sell it, when in fact title to such certificate was in Bankers Trust, Inc., Oil Industries Factors, Inc. and Life Underwriters, Inc. Appellant alleged that Lyon at the time furnished him with an opinion of the Bank's attorney, William R. Hoge, Jr., which opinion represented and stated the Bank had good title. Reliance on the representations

is asserted. He also alleged that while Guaranty Trust had filed suit for title to the stock against Bank, the suit was without merit when in fact it was known to be a dangerous one. Further, appellant alleged that about 60 days before filing his pleading he for the first time learned of the falsity of the representations. As additional grounds of defense and recovery appellant alleged that in June, 1968, he demanded the stock, as he had a right to do, so he could vote it at a stockholders meeting in Mexico, but that Lyon refused to make the certificate available and the meeting could not be held.

Attached to the pleading and a part of it by incorporation by reference were various exhibits. Exhibits labeled A and B were the agreement by which the Bank sold the provisional certificate, 51 permanent certificates for 100 shares each, a note for $125,000.00 executed by Oil Industries Factors, Inc. and Life Underwriters, Inc., and 13 promissory notes executed by Texas International Sulphur Company aggregating $250,000.00, the collateral pledge agreement and the $138,000.00 note given by appellant for the purchase price of the above property. It is admitted by all that the notes were worthless. Appellant in fact alleges he knew the notes were worthless and that the value was in the stock. Exhibit C was a contract dated October 1, 1956, between Texas International Sulphur Co. and Guaranty Trust, Inc., by which the Sulphur Company obtained a line of credit with Guaranty in the amount of $5,000,-00. It is recited that the Sulphur Company would upon demand sell, transfer and deliver to Guaranty 40% of any stock issued or to be issued by Central.

Bank and Lyon by way of answer plead denial, an affirmative assertion that appellant knew and was informed of all the facts, and that recovery was barred by one or more of the statutes of limitation. Capital answered the cross-action by a denial and an assertion of one or more of the statutes of limitation.

In their separate motions for summary judgment, each of which was sustained, appellees asserted that on a basis of the pleadings, affidavits, answers to interrogatories by Lewis and certified copies of the record in Cause No. 590,018, styled Life Underwriters, Inc. v. Texas International Sulphur Co. et al, pending in the 151st District Court of Harris County, there was no genuine issue of material fact and the movants were entitled to judgment as a matter of law.

In opposing the motions appellant filed a reply supported by his affidavit.

We conclude the trial court correctly held there was no genuine issue of material fact but appellees were entitled to judgment as a matter of law.

There was no contention in the trial court through pleadings, affidavit, exhibits or otherwise that the note was not in default after its anniversary date in 1967.

On appeal for the first time appellant asserts there was an issue of fact as to whether the note was in default when appellant requested, in June of 1968, that the stock be sent to him so he could vote it at a stockholders meeting. There is no fact in the summary judgment evidence, raising any issue as to whether the note was in default. The final installment was due August 29, 1967. It was not paid.

The real questions on appeal are whether the summary judgment evidence established the following as a matter of law:

1. There was in law no legal fraud.

2. Assuming fraud, the third-party action was barred by the four year statute of limitation.

3. The Bank did not breach its agreement to make the stock available for voting purposes because appellant himself had breached it by defaulting in payment of the note.

The misrepresentation asserted by appellant was a mere matter of opinion upon which he had no right to rely. Further, where the facts show it was clearly expressed as an opinion, a party has no right to rely on it as a factual representation. Also, where it appears that the representation was one of law and the parties have equal opportunity to determine the matter there can be no defense or action based on fraud. Safety Casualty Co. v. McGee, 133 Tex. 233, 127 S.W.2d 176; Bell v. Henson, 74 S.W.2d 455 (Tex.Civ. App.) wr. dism'd; Scott v. McWilliams, 60 S.W.2d 491 (Tex.Civ.App.), wr. dism'd; Cross v. Thomas, 264 S.W.2d 539 (Tex.Civ. App.), ref., n. r. e.; Corbett v. McGregor, 62 Tex.Civ.App. 354, 131 S.W. 422, writ ref.; Hawkins v. Wells, 17 Tex.Civ.App. 360, 43 S.W. 816, wr. ref.; Traders & General Insurance Co. v. Keith, 107 S.W.2d 710 (Tex.Civ.App.), wr. dism'd.

The undisputed summary judgment evidence shows that the statement that Bank had title to the stock was given as a matter of legal opinion. Appellant's pleading states that Lyon told him that Bank was the owner and had good title to the certificate and furnished him, on August 29, 1962, the written opinion of Bank's attorney, William R. Hoge, Jr., which opinion represented the Bank had good title and could lawfully sell and convey same. The opinion addressed to appellate states that Hoge is giving his "impressions with regard to the legal questions involved in the pending litigation involving Life Underwriters, Inc. et al, * * * and our client, River Oaks Bank and Trust Co." The opinion affirmatively shows that the Bank is defendant in a suit by Guaranty Trust, Inc. in which Guaranty was alleging Bank was not entitled to the stock and that Guaranty relies on an agreement it had with Texas International Sulphur. It sets forth Guaranty's contentions and then gives Hoge's opinion that the Bank would prevail but in case of settlement it would be only on a nuisance value basis. Hoge gives the reasons for his opinion.

The collateral pledge agreement signed by appellant August 29, 1962, the same date the note was executed, expressly provides the assignment was made without recourse

**352**

or warranty, express or implied, on the part of Bank. It also recited that there was pending in the District Court of Harris County a lawsuit entitled Life Underwriters, Inc. Et Al v. Texas International Sulphur Co. Et Al, being cause No. 590,018, to which Bank was a party. Appellant agreed to assume all liability of Bank and fully indemnify Bank and comply with any judgment rendered. He also agreed to pay all court costs, expenses and attorney's fees.

The evidence undisputedly shows that on August 10, 1962, appellant, through his attorney, was seeking to settle the claim of Guaranty.

Appellant was an attorney is good standing licensed to practice in Texas. There is no claim that this was not an arms length transaction.

■ Insofar as the third-party action is concerned the claim was barred by the four year statute of limitations.

■ The claim as asserted shows it was barred. Where this is true, to avoid the running of the statute, the party seeking to avoid must allege concealment of the fraud or facts which show he could not have discovered the alleged fraud by the exercise of reasonable diligence. This appellant did not do. Pitman v. Holmes, 34 Tex.Civ.App. 485, 78 S.W. 961; Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S.W.2d 716; McCord v. Bass, 223 S.W. 192 (Tex.Com.App.), judgment approved; Blum v. Elkins, 369 S.W.2d 810 (Tex.Civ. App.), n. w. h.

■ As a matter of law appellant failed to exercise due diligence to discover the alleged fraud. He knew of the lawsuit against the Bank. In fact he agreed to pay the costs of court, expenses and attorney's fees. By examining the papers in the cause he would have found out that Guaranty was claiming rights to the certificate and the basis of the claim. The record shows conclusively that appellant had notice of the lawsuit. Knowledge of facts that would cause a reasonably prudent person to make inquiry which would lead to the discovery of the fraud is in law knowledge of the fraud. White v. Bond, 362 S.W.2d 295 (Tex.Sup.); Glenn v. Steele, 61 S.W.2d 810 (Tex.Sup.); Powell v. March, 169 S. W. 936 (Tex.Civ.App.), wr. ref.

■ There was no breach of the contract by Bank in refusing to make the stock available to appellant for voting in June, 1968. The contract between the parties provided that subject to the obligation of appellant to make timely payments on the note appellant would have the right to have the stock so he could vote it. The Bank agreed to fully cooperate in making said stock available for such purpose. At the time of the demand by appellant, he was in default in making the agreed payments on the note. He had been in default since August 29, 1967. This constituted a material breach of the contract by appellant. This excused Bank from performance. Battles v. Adams, 415 S.W.2d 479 (Tex. Civ.App.), wr. ref., n. r. e.; Kidd-Scruggs Company v. Tyler Hotel Company, 270 S.W. 566 (Tex.Civ.App.), wr. ref.

Affirmed.