The JOHNSON GROUP, INC., et al., Appellants,

v.

Evadine R. MEAD, Appellee.

No. 6164.

Court of Civil Appeals of Texas, Waco.

Aug. 29, 1980.

Rehearing Denied Sept. 25, 1980.

Charles E. Blackley, Bartram, Reagan, Burrus & Dierksen, New Braunfels, Guy C. Fisher, Fisher & Cook, Austin, for appellants.

Joe D. Milner, Jr., John F. Hamje, III, Peter R. Meeker, Milner & Smith, P. C., Austin, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Johnson from judgment awarding plaintiff Mead various damages totalling $22,385.53 in a breach of contract case.

On December 19, 1975 plaintiff and defendants entered into a contract entitled "Purchase–Sell Agreement" for the purchase by defendants of plaintiff's real estate business known as Century 21/Associated Real Estate. In this contract: A) Defendants agreed to: 1) Pay plaintiff $3000; 2) Assume plaintiff's Small Business Administration Loan; 3) Pay in full all trade and business–related debts owed by Century 21 by March 1, 1976; 4) Pay plaintiff a 50% commission on sales generated by her; 5) Pay plaintiff a 15% override on commissions paid to agents or employees of the business. B) Plaintiff agreed to: 1) Convey to defendants her interest in all assets of the business; 2) To continue to work for the business for three years from date of contract and not compete with defendants during this three–year period.

Defendants paid plaintiff the $3000 and plaintiff turned over to defendants the assets of the business and went to work for defendants. Difficulties arose and on March 24, 1976 plaintiff left her position with defendants' business and has competed with defendants.

On April 24, 1976 plaintiff filed this case against defendants alleging defendants breached the "Purchase–Sell" contract by: 1) failing to assume the SBA loan; 2) failing to pay all the trade and business–related debts as agreed; 3) failing to pay plaintiff all the commissions and overrides due her under the contract. Defendants answered and counterclaimed alleging breach of the agreement by plaintiff for leaving the employ of defendants and thereafter competing with defendants before the three–year period had passed.

Larson Equipment Company, landlord of the real estate agency, intervened seeking recovery of plaintiff for $1600 unpaid rent.

Trial was to a jury which found:

1) Defendants did not substantially comply with the December 19, 1975 agreement with respect to the Small Business Administration Loan.

2) Defendants did not substantially comply with the December 19, 1975 agreement with respect to payment of trade and business–related debts owed by Century 21/Associated Real Estate on or before March 1, 1976.

3) Failure to substantially comply as found in Issues 1 and 2 was a proximate cause of damage to plaintiff's credit rating.

4) Fixed damages to plaintiff's credit rating at $3000.

5) Found the current unpaid balance of the Small Business Administration Loan to be $9733.37.

6) Found the total of trade and business–related debts of Century 21/Associated not paid by defendants to be $7,420.70.

7) Defendants failed to pay plaintiff for her services as provided by the contract, between December 19, 1975 and March 24, 1976.

8) Defendants failed to pay plaintiff: a) $1,999.20 due for commissions; b) $232.26 due for overrides.

9) Fixed reasonable attorneys' fees with respect to commissions and overrides due plaintiff at: a) $1200 for the trial court; b) $1000 for the Court of Civil Appeals; and c) $750 for the Supreme Court.

10) Plaintiff did not substantially comply with that portion of the December 19, 1975 agreement requiring her to work for defendants for three years.

11) Plaintiff did not substantially comply with that portion of the December 19, 1975 agreement, not to compete with defendants for three years.

12) Failure of plaintiff to comply with the December 19, 1975 agreement in 10 and 11 was not a proximate cause of any damage to defendants.

14) Plaintiff substantially complied with the December 19, 1975 agreement requiring her to convey the good will, the Century 21 franchise, and all assets of the Real Estate Agency to defendants.

The trial court rendered judgment: 1) Denying defendants' counterclaim against plaintiff; 2) Awarding Intervenor Larson $1,320 plus $280 attorneys' fees against plaintiff; 3) Awarding plaintiff recovery against defendants for:

a) $3000 for damage to plaintiff's credit reputation;

b) $9,733.37 for damage as a result of defendants' failure to assume and pay unpaid balance of the SBA loan;

c) $7,420.70 for damage as a result of defendants' failure to pay all trade and business–related debts owed by Century 21/Associated Real Estate before March 1, 1976;

d) $1,999.20 for commissions on sales of real estate defendants failed to pay plaintiff;

e) $232.26 for overrides defendants failed to pay plaintiff;

f) Attorneys' fees of: $1200 for the trial court; $1000 for the Court of Civil Appeals; and $750 for the Supreme Court (with respect to plaintiff's recovery of commissions and overrides).

The judgment further decreed that plaintiff pay the 1) SBA loan of $9,733.37; and 8 other enumerated debts totalling some $7,032.10, and save harmless defendants from such claim, conditioned only however, if "the judgment [against defendants] is paid in full by defendants".

As already noted on December 19, 1975 plaintiff and defendants entered into a contract whereby: plaintiff sold defendants her Century 21 franchise real estate agency for $3000; defendants agreed to assume the balance due on plaintiff's SBA loan; pay all business–related debts by March 1, 1976; plaintiff agreed to work for defendants for three years and not compete with defendants during such period; and defendants agreed to pay plaintiff certain commissions and overrides.

Defendants failed to assume the SBA loan, failed to pay in full all business debts by March 1, 1976, failed to pay plaintiff all commissions and overrides she was entitled to; plaintiff left the employ of defendants on March 24, 1976; and has since competed with them in the sale of real estate.

Defendants appeal on 9 points which we summarize as 5 main contentions.

Contention 1 asserts the trial court erred in awarding plaintiff the $3000 for damage to her credit rating because: a) damage to her credit rating is not recoverable as actual damages as a matter of law; and b) there is no evidence to support the jury's answer to Issue 3.

Our Supreme Court has addressed itself specifically to whether loss of credit may be actual damages in Texas, and held in *Traweek v. Martin–Brown Co.*, 79 Tex. 460, 14 S.W. 564 that *"Wallace v. Finberg* [46 Tex. 35] is authority for the doctrine that loss of credit is not an element of actual damages. Whatever may be the rule in other jurisdictions, that is well settled in this court". *Streetman v. Lasater*, Tex.Civ. App. (El Paso) NWH, 185 S.W. 930 holds that damage to reputation and credit are not proper elements of actual damage, but may be rendered in fixing exemplary damages. *First National Bank of Littlefield v. Cooper*, Tex.Civ.App. (Amarillo) Er.Ref., 12 S.W.2d 271 holds: "Loss of credit is an element of exemplary rather than actual damages". *Kauffman v. Armstrong*, 74 Tex. 65, 11 S.W. 1048 holds that loss of credit and prospective profits are exemplary damages. See also: *Security State Bank & Trust v. Craighead*, Tex.Civ.App. (San Antonio) NRE, 440 S.W.2d 701; and *Sterling Projects, Inc. v. Fields*, Tex.Civ.App. (Waco) NWH, 530 S.W.2d 602.

Issue 3 found that defendants' failure to pay the SBA loan and Century 21's business–related debts was a proximate cause of damage to plaintiff's credit rating. The evidence is that plaintiff had some $75,000 in personal debts including $29,000 open account and consumer debts and that any damage to plaintiff's credit was caused by delinquencies in these debts.

Contention 1 a) is sustained.

Contention 2 asserts the trial court erred in awarding plaintiff the $9,733.37 as actual damages resulting from defendants' failure to pay the SBA loan because: a) plaintiff cannot recover, as a matter of law for sums not paid by her; and b) there is no evidence to support the jury's finding of an amount to Issue 5.

Contention 3 asserts the trial court erred in awarding plaintiff the $7,420.70 as actual damages resulting from defendants' failure to pay trade and business–related debts because: a) plaintiff cannot recover as a matter of law for sums not paid by her; and b) there is no evidence to support the jury's finding of an amount to Issue 6.

The trial court awarded plaintiff the sum of $9,733.37 for damages as a result of defendants' failure to assume and pay the balance of the SBA loan; and the sum of $7,420.70 for damage as result of defendants' failure to pay all trade and business–related debts owed by Century 21 on or before March 1, 1976.

Defendants breached the contract by not assuming and paying the SBA debt and by not paying business–related debts of Century 21 on or before March 1, 1976. But except as to 3 items totalling $1,124.01 which we will notice later, the plaintiff has not herself paid these debts.

■ Where one has assumed to pay the debt of another, as here defendants assumed to pay plaintiff's SBA loan and business debts, as between plaintiff and defendants, defendants were primarily liable for the indebtednesses, but plaintiff can only acquire a right of action against defendants by first paying the indebtednesses herself. *Gunst v. Pelham*, 74 Tex. 586, 12 S.W. 233;

*Latimer v. Texas & N. O. Ry. Co.*, Tex.Civ. App. (Beaumont) Er.Ref., 56 S.W.2d 933; *Talley v. Howsley*, 142 Tex. 81, 176 S.W.2d 158; *French v. May*, Tex.Civ.App. (Corpus Christi) NRE, 484 S.W.2d 420. With the exception of $388.60 owed to the IRS, $8.57 owed the Travis County Tax Collector and $726.84 of the SBA loan (totalling $1,124.01) plaintiff has paid none of the indebtednesses assumed by defendants.

Contentions 2 and 3 are sustained. Since the evidence reflects plaintiff had paid $1,124.01 sustaining of contentions 2 and 3 does not affect recovery by plaintiff of this amount.

■ Contention 4 asserts the trial court erred in awarding plaintiff $1,999.20 in commissions for the sale of real estate, $232.26 as commission overrides, and attorneys' fees, because as a matter of law defendants have no obligation to pay under a contract not substantially performed by plaintiff.

Contention 5 asserts the trial court erred in awarding any damages because of the jury's finding plaintiff did not substantially perform her contract.

Under the record defendants breached the contract by failing to assume the SBA loan, and pay business–related debts by March 1, 1976. Plaintiff was in full compliance with her part of the contract until March 24, 1976.

■ A party in default on a contract may not set up a subsequent default by the other party to relieve his breach of the contract. *Whittenburg v. Groves*, Tex.Com. App., 208 S.W. 901. And default by one party to a contract excuses performance by the other party. *Lewis v. River Oaks Capital Corp.*, Tex.Civ.App. (Houston 1) NRE, 466 S.W.2d 348.

Contentions 4 and 5 are overruled.

That portion of the judgment awarding Intervenor Larson Equipment Company, Inc., $1,320 plus $280 attorneys' fees against plaintiff Mead is affirmed.

The judgment is reformed to award plaintiff recovery over against defendants

for $1320. *Ganda, Inc. et al. v. All Plastics Molding, Inc.*, Tex.Civ.App. (Waco) NRE, 521 S.W.2d 940; *Blume v. National Homes Corp.*, Tex., 441 S.W.2d 176.

The judgment is further reformed to delete: 1) the $3000 recovery for damage to plaintiff's credit reputation; 2) the $9,733.37 and the $7,420.70 for failure to assume the SBA loan and pay business debts *except* for $1,124.01 paid by plaintiff; 3) that portion ordering plaintiff to conditionally pay listed debts.

The award to plaintiff of $1,999.20 for commissions, and $232.26 for overrides plus attorneys' fees of $1200 in the trial court, $1000 in the Court of Civil Appeals, and $750 in the Supreme Court is affirmed.

Costs of appeal are assessed ½ against plaintiff and ½ against defendants.

REFORMED & AFFIRMED.